H. S. FOOTE, DISTRICT ATTORNEY, EX REL., *v.* H. C. MYERS, SECRETARY OF STATE.

MANDAMUS. *Proceeding by district attorney. Proceeding by individual. Both for same purpose. Effect.*

The existence of a proceeding by C., individually, for a *mandamus* against the Secretary of State, is not a bar to the prosecution of a suit for *mandamus*, by the district attorney, on the relation of C. against the Secretary of State, though both proceedings be founded upon the same state of case and seek the accomplishment of the same purpose. And it makes no difference, in this respect, that the latter proceeding is brought in the name of the district attorney on the relation of C., when it should have been in the name of the State on the relation of the district attorney.

APPEAL from the decision of Hon. T. J. WHARTON, Judge of the Ninth Judicial District, on an application for a *mandamus.*

The petition for a *mandamus* in this case, filed on the 21st of November, 1882, by H. S. Foote, district attorney, " on the relation of J. R. Chalmers," against H. C. Myers, Secretary of State, was based upon the same grounds, substantially, and virtually sought the accomplishment of the same purpose, as that in the case of *H. C. Myers, Secretary of State,* v. *J. R. Chalmers, ante,* p. 772, which was filed by the appellee therein on the 18th of November, 1882. The defendant in this proceeding pleaded the existence of the proceeding commenced on the 18th of November by Chalmers against Myers, Secretary of State, in abatement of the petition herein. The plea was demurred to, and the demurrer was overruled. Whereupon the petitioner appealed to this court.

*Nugent & Mc Willie,* for the appellant.

Not only must the point in issue be the same and a determination of the former suit be fully effectual, but the parties must be the same. Indeed, we fully concede that " the pendency of a former action between the same parties for the same cause is a good defence in a second action, and at common law must be taken advantage of by a plea in abatement." The rule is hoary with age, but we do not think it has any application to this case. The court below sustained the plea, however, because of a ' supposed decision in *The Commonwealth* v. *Churchill,* 5 Mass. 174, preventing any other view. This last case adjudged that " to an indictment for taking usurious interest" the plea that there was a *qui tam* action pending against the same defendant, was good. The court, quoting the maxim, said : " But an indictment to recover a penalty on a penal statute and an action *qui tam* may certainly appear to be for the same cause, and the former may be the most vexatious." Judge Sedgwick doubted the propriety of the decision, though the parties to the controversy were in effect the same, for the *qui tam* action was a suit by the Commonwealth. There was, however, a better reason on the surface, which is stated in

*Harris* v. *Johnson*, 65 N. C. 479 : " The party who first sues is entitled to the penalty." ⸱1 Chitty's Pl. 454. See *Adams* v. *Gardner*, 13 B. Mon. 197. It is conceded that the information in this case is not according to the statute. It should have gone in the name of the State on the relation of the district attorney. The law reads : " On the petition of the State by its district attorney," etc. Sect. 2542, Code 1880. ⸱ But we conceive that this will not affect the direct question involved : Was the suit if brought properly abatable? The effort was to bring the suit under the section of the Code referred to.

*W. L. Nugent*, of counsel for the appellant, argued the case orally. ⸱

*L. Brame*, for the appellee.

This suit.was properly abated. It is immaterial that the petition was filed by the district attorney, while the first suit was in the name of James R. Chalmers alone. He was the relator in both actions ; the same evidence is admissible in the two suits, and the same relief is asked in each. The writ was issuable either on his petition, or that of the district attorney. Code 1880, sect. 2542. It is of no consequence that the petition in this case was filed in the name of the State, and that nominally there is a difference between the parties to the two actions. The writ runs in the name of the State, and in all cases the State is the nominal plaintiff. *The State* v. *Commissioners*, 5 Ohio St. 497. In any event the real parties are the same in the two suits, and the controversy is the same. " It may be laid down as a general proposition that where the substantial fact or facts upon which the plaintiff's right to relief is based are identical in the two actions, and the relief obtainable in the first includes all relief sought in the second action, the first will abate the second, although the actions differ in matters of form, and in the relations of the defendant to the infringement of the plaintiff's rights." *Mullen* v. *Mullock*, 22 Kan. 598–603, and authorities there cited. A. suit on a penal statute may be plead in abatement of a subse-

quent criminal prosecution for the same offence. 2 Hawk. P. C. 383 ; *The Commonwealth* v. *Churchill*, 5 Mass. .174.

*L. Brame*, also made an oral argument.

CAMPBELL, C. J. delivered the opinion of the court.

The demurrer to the plea in abatement should have been sustained. The two actions are not the same. One is the suit of a private person, instituted by himself, and subject to his control ; the other is the petition of the district attorney of the Ninth Judicial District, in a matter affecting the public interest, and, although it is in the name of the officer, when it should have been by the State on his relation, and although the name of Chalmers, as relator, is used, it being instituted by the district attorney, is the suit of the State, and is independent of the suit of Chalmers, although both may be intended and expected to enure to his benefit.

The judgment is reversed ; the demurrer to the plea is sustained.

CHALMERS, J., took no part in this decision.