Brief for appellant.

## STATE EX REL., ETC., v. TOLIVER TAYLOR.

1. STATE REVENUE AGENT. *Authority to sue. Act of* 1890.

    The act of Feb. 22, 1890 (Laws, p. 25), which defines the authority of the state revenue agent, does not confer on him the right to collect such delinquent revenue as can be collected by the ordinary methods provided by law. Nor can he act in conjunction with the tax collector, but only where the latter has failed in his duty to collect.

2. SUIT BY REVENUE AGENT. *Declaration must show authority.*

    In a suit by the state revenue agent the declaration must allege the special circumstances which give him the right to sue.

FROM the circuit court of Adams county.

HON. W. P. CASSEDY, Judge.

This action was brought May 4, 1891, by Wirt Adams, state revenue agent, to recover of the appellee, Taylor, the amount of unpaid privilege taxes for 1889 and 1890, which it is alleged he ought to have paid as a retailer of intoxicating liquors. The first count alleges merely that the defendant was a merchant, and in 1890, in connection with his business, did sell vinous and spirituous liquors in less quantities than one gallon, without having paid the price fixed by the board of supervisors for the privilege. The second count alleges a similar default for 1889; and further, that the sheriff of Adams county, for and in behalf of the state, on May 1, 1891, had assessed against the defendant the sum of $300 as a license-tax for doing said business in 1889, and had notified him thereof, whereby, etc.

The defendant demurred to the declaration upon the ground that the demand was not such a debt as the law authorized the state revenue agent to sue for and collect, and because there had been no legal assessment.

*J. M. Gibson* and *Calhoon & Green*, for appellant.

In *State* v. *Piazza*, 66 Miss. 426, and *State* v. *Adler, ante,* p. 487, there was no allegation that the board of supervisors and the sheriff had assessed the tax. Under the latter case, and under chap. 8 of the revenue act of 1890, we submit the demurrer should be over-

ruled.  The act of 1890 being prospective conferred the remedy by suit for the tax of 1890, and the tax of 1889 was collectible because of the assessment which made it a debt due the state.

*Frank K. Winchester* and *A. H. Geisenberger,* for appellee.

Unless there has been a valid assessment there can be no tax due, and hence no suit maintainable under the act of 1890 by the revenue agent. *State* v. *Adler, ante,* p. 487. The attempted assessment by the sheriff two years after the time the license was due conferred no right on the revenue agent to sue, since the sheriff had no right to make the assessment of an unpaid privilege tax.

Neither the revenue act of 1890, nor § 513, code 1880, which authorizes the sheriff to assess lands and other property, left unassessed by the assessors, authorized him to assess privilege taxes which had escaped collection in former years. Even if the tax was assessed properly, no suit will lie for its collection. *State* v. *Piazza,* 66 Miss. 426 ; *Johnston* v. *State,* MS. Op. (1890).

CAMPBELL, C. J., delivered the opinion of the court.

The declaration should aver the existence of the state of case giving the revenue agent the right to sue. The right and interest of the public concur in having all collections, as far as may be, made by the ordinary machinery provided for the purpose, whereby the loss of the one-fourth allowed the agent for his collections will be avoided ; and it is not to be supposed that the legislature intended that he should interfere, except where the collection could not be made by the collector whose duty it is to collect. It is not contemplated that the revenue agent shall act in conjunction or co-operation with collectors, but rather adversely to them, and independently, and where they fail of duty. Upon the facts stated in the declaration it is plainly the duty of the sheriff and tax collector of Adams county to collect the sums due as shown by both counts ; and it must be assumed that he will perform this duty ; failing in which he will be liable on his bond, and should be pursued accordingly.

*Affirmed.*