J. L. GRIFFIN ET AL. *v.* BOARD OF MISSISSIPPI LEVEE
COMMISSIONERS.

1. FORMER SUIT PENDING.    *Defect in first suit.    Defense.*

In an action by the Board of Mississippi Levee Commissioners on the bond of a tax-collector for money not paid over, a plea setting up the pendency of a former suit in chancery, brought against defendants for the same cause of action by the state revenue agent for the use of the board, is bad where the bill in the former suit fails to aver that the revenue agent, as a necessary condition precedent to suing, had, before suit, given the tax-collector thirty days' notice to pay over the money.

2. TAX-COLLECTOR.    *Money deposited.    Failure of bank.    Liability of bond.*

In a suit on the bond of a tax-collector for taxes collected and not paid over, it is no defense that the collector was not furnished with a safe, and that, for safe-keeping until the time of settlement should arrive, he deposited the money in a bank which was considered entirely solvent, but which subsequently failed, whereby the money was lost.

FROM the circuit court of Washington county.

HON. R. W. WILLIAMSON, Judge.

The Board of Mississippi Levee Commissioners brought this suit in the court below against the appellant, Griffin, and the sureties on his bond as tax-collector of Washington county, to recover money collected by said Griffin as taxes,

and not paid over to the board as required by law. The defendants pleaded in abatement the pendency of a prior suit in the chancery court of said county, brought by Wirt Adams, state revenue agent, for the use of plaintiff on the same cause of action for the same breach, and to recover the same debt sued for in this action.

The defendants also pleaded in bar that the money was collected by said Griffin as tax-collector during the latter part of the month of December, 1891; that he collected for the state, county and the levee board the sum of $40,000, and that the time for making his statement in January, 1892, had not arrived; that no safe was provided him for keeping the money, and that he deposited the same for safe-keeping in the bank of Greenville to his credit as tax-collector, to await the arrival of the time for him to pay it over to the parties entitled thereto; that said bank had large and strong vaults and time locks, and said Griffin had no reason to doubt that the money would be safe therein, or to suspect that it would be used by said bank. But that on December 22, 1891, the said bank failed, having used the money of plaintiff therein, without the consent of said Griffin, and that he had never been able to recover any portion of the same, though due diligence had been used in that behalf; that said Griffin was guilty of no negligence in selecting said bank as bailee and depositing the money therein.

To both of these pleas demurrers were sustained. Defendants declined to plead further, and judgment was entered in favor of plaintiff for $5,287.35.

*J. H. Wynn,* for appellants.

The court erred in sustaining the demurrer to the plea in abatement. 1 Chitty on Pl., 454; 3 *Ib.*, 906, 907; 1 Bouvier's Law Dict., 143; Story on Eq. Pl., §§ 736, 742; 8 Am. & Eng. Enc. L., 549 *et seq.*

The two suits are between the same parties. The chancery court had full jurisdiction to grant relief. The defend-

ant had answered the bill therein, and the suit was pending for the same cause of action. The result in both suits depends on the same state of facts. In 8 Am. & Eng. Enc. L., § 10, it is said that it has been held that a pending chancery suit cannot be pleaded in abatement of a suit at law, citing 16 Vt., 216. There are other cases of like import, but an examination of them will show that the relief in chancery was not as complete as at law. In 84 Am. Dec., 455, note, it is said that the action will not be abated because of the pendency of another suit, unless both suits are in courts whose scope is identical.

The constitution of 1890, § 161, gives to the chancery court concurrent jurisdiction with the circuit court of suits on official bonds. Here the chancery suit is dependent on no equitable grounds. That court can grant full relief.

In 40 Miss., 499, it is said that the general rule is that a party will not be allowed to sue at law and in equity at the same time for the same debt. But this rule applies only when a demand at law and in equity is equally personal.

Here the real plaintiff is the same in both suits. Recovery in either would be for the benefit of the levee board. If the revenue agent succeeds in the first, the levee board cannot refuse to accept the money collected by him.

The revenue agent has full power to sue. *State* v. *Hill*, 70 Miss., 106. If there is any question as to his right to retain twenty per cent. of the recovery, that will not affect his right to maintain the suit.

*Yerger & Percy*, for appellee.

1. The plea does not show a recovery in the former suit, or that defendants had paid the amount therein demanded. *Oldham* v. *Ledbetter*, 1 How. (Miss.), 43.

Two suits may be maintained for the same cause, and can be prosecuted to judgment, but only one satisfaction can be had. 22 Ark., 379; 8 Abb. on Prac. (N. Y.), 256.

It is no defense that two judgments may be rendered.

Defendants can protect themselves by paying one. *Gray v. Henby,* 1 Smed. & M., 598; *O'Brien* v. *Liddell,* 10 *Ib.,* 371.

It appears from the record of the former suit, which is made an exhibit, that the defendants are defending therein on the ground that the revenue agent had no right to bring the suit. They are, then, pleading the pendency of a former suit, and in such former suit contending that the complainant cannot recover. It would be a strange failure of justice, if the delinquent tax-collector could defeat this suit by pleading the pendency of a former action, which he shows cannot be maintained.

2. It is no defense that the tax-collector deposited the money in a bank which failed. He was under a bond to faithfully collect and pay over the taxes. He was not an ordinary bailee, but a special bailee, subject to specific obligations imposed by law. *Boyden* v. *United States,* 13 Wall., 17; *United States* v. *Thomas,* 15 *Ib.,* 337; *Railway Co.* v. *Hoyt,* 149 U. S., 1; 1 Denio (N. Y.), 235; Metcalfe on Con., p. 213.

The tax-collector has his remedy against the bank. The obligation of his bond required that he should safely keep the money and pay it over to plaintiff. *State* v. *Mayes,* 54 Miss., 417. He was not authorized by law to deposit the money in bank. He did this voluntarily and at his own risk.

WOODS, J., delivered the opinion of the court.

The general rule that the pendency of another suit between the same parties on the same cause of action and for the same relief, may be pleaded in abatement of a subsequent suit, is subject to many exceptions and limitations. The rule rests upon the right of every one to be protected from unnecessary and vexatious litigation. In the case at bar, the second suit appears not to fall within the reason of the rule. It is clear that no recovery can be had on the former suit in chancery, whose pendency is pleaded in abatement of this suit at law. The bill filed in the prior suit does not aver that

the state revenue agent had given to the delinquent tax-collector thirty days' notice to pay over the amount shown to be delinquent by correct open account on the books of the proper accounting officer, and this condition precedent must have been complied with by the revenue agent before his right to sue and collect could arise; and this is the sure defense set up in the second paragraph of the sworn answer of the defendants to that bill. The suit at law, it will thus be seen, was neither vexatious nor unnecessary, and the demurrer to the plea in abatement was very properly sustained.

The demurrer to the plea in bar was also rightly sustained. The idea that the tax-collector may make a general deposit of public money in bank and thereby absolve himself from liability to pay over as he is by law required to do, is so utterly unreasonable as to need no combating. Like all others depositing funds in bank, the tax-collector took the risks involved in so doing. The board looks to its officer, and the officer must look to his unreliable or unfaithful banker.

*Affirmed.*