WIRT ADAMS, STATE REVENUE AGENT, *v.* ALLEN G. ARNOLD ET AL.

1. STATE REVENUE AGENT. *Right to sue. County treasurer. Laws 1894, p. 29, sec. 2. Notice before suit.*

The state revenue agent is not authorized to sue a county treasurer upon his official bond for a failure to replace county moneys stolen from him, until he has given thirty days' notice to the treasurer to make good the shortage, as required by Laws 1894, sec. 2, p. 29.

2. SAME. *Refusal by county treasurer.*

It is immaterial in such case that the county treasurer has, more than thirty days before suit, reported the shortage to the board of supervisors, and refused to make the same good.

FROM the chancery court of Ittawamba county.

HON. BAXTER MCFARLAND, Chancellor.

Adams, state revenue agent, appellant, was the complainant in the court below; Arnold, county treasurer, and the sureties on his official bond, appellees, were defendants there.

The safe in which Arnold, the county treasurer, had the public funds was burglarized, and a large sum stolen. Arnold made no secret of this, but promptly reported the loss to the proper authorities. The revenue agent filed a bill in the chancery court, charging Arnold with the default; Arnold, and his sureties, co-defendants, demurred on the ground, among others, that the revenue agent had not given the thirty days' no-

tice before bringing suit, as required by statute. This demurrer was sustained, and leave given to amend; the revenue agent amended his bill, setting out the default—that the treasurer was robbed; that he had reported the facts to the board of supervisors, but declined to replace the money which had been stolen; and, further, the amended bill admitted that the thirty days' notice required by statute had not been given.

The defendants demurred to this amended bill because (1) the amended bill shows that the default complained of appears by a correct open account on the books of the proper officer; and (2) the revenue agent had not given the thirty days' notice required by law. This demurrer was sustained, the revenue agent, the complainant, declined to amend further, the bill was dismissed, and Adams appealed to the supreme court.

The second section of the act of 1894 (Laws 1894, p. 29) involved is in these words:

"SEC. 2. The state revenue agent may appoint a sufficient number of deputies. He shall have power, and it shall be his duty, to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies and associations of persons for all past due and unpaid taxes of any kind whatever, for all penalties or forfeitures, for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of the violation of any contract with the state or any county, municipality or levee board. He shall have a right of action and may sue at law or in equity in all cases where the state or any county, municipality or levee board has the right of action or may sue. It is the duty of the state revenue agent to investigate the books, accounts and vouchers of all fiscal officers of the state, and of every county, municipality and levee board, and to sue for, collect and pay over all money improperly withheld from either, and he has the power to sue and right of action against all such officers

and their sureties to collect any such moneys, but if the delinquency appear by a correct open account on the books of the proper accounting officer, the right of the revenue agent to sue shall arise only after he has given thirty days' notice to the delinquent officer to pay over the amounts and he fails to do so.''

W. D. Anderson, for appellant.

This suit was brought under authority of section 161 of the constitution and the act of 1894, Laws, p. 29. The question presented by the demurrer is, whether or not the revenue agent must in all cases aver in his bill or declaration that the delinquency sued for does not ''appear by correct open account on the books of the proper accounting officer, and, before bringing the suit, he has given the required notice. I quote the latter part of section 2, Laws 1894, p. 29:

'' But if the delinquency appear by correct open account on the books of the proper accounting officer, the right of the revenue agent to sue shall arise only after he has given thirty days' notice to the officer to pay over the amounts and he fails to do so.''

The rule is the revenue agent can sue; his powers are plenary. The thirty days' notice is only required in exceptional cases, to wit: where the delinquency appears '' by correct open account,'' etc. Under said section 2 of the act of 1894 in question, he is given the '' power, and it shall be his duty, to proceed by suit in the proper court against all officers, county contractors, persons, corporations, companies and associations of persons for all past due and unpaid taxes of any kind whatever; for all penalties and forfeitures, for all past due obligations and indebtedness of any character whatever owing to the state or any county, municipality or levee board, and for damages growing out of violation of any contract with the state or any county, municipality or levee board. He shall have the right of action and may sue at law or in equity in all cases where the state or any

county, municipality or levee board has the right of action or may sue. It is the duty of the revenue agent to investigate the books, accounts and vouchers of all fiscal officers of the state, and of any county, municipality or levee board, and sue for, collect and pay over all money improperly withheld from either, and he has the power to sue and right of action against all such officers and their sureties to collect any such moneys; but if the delinquency appear by correct open account," etc., which is quoted above.

" He shall have a right of action and may sue at law or in equity in all cases where the state or any county, municipality or levee board has the right of action or may sue."

Opposing counsel rely on the case of *Griffin* v. *Board of Miss. Levee Comr's*, 71 Miss., 767. If I understand the case correctly, it is not authority for their position. The court say in that case: "The bill filed in the prior suit does not aver that the state revenue agent had given to the delinquent tax collector thirty days'· notice to pay over the amount shown to be delinquent by correct open account on the books of the proper accounting officer, and this condition precedent must have been complied with by the revenue agent before his right to sue and collect could arise, etc. From which, in connection with the statement of the case, and the brief of counsel for the appellee, I understand that the bill in the former suit in the chancery court was made an exhibit to the plea, and that it showed that the delinquency did appear by correct open account on the books of the proper accounting officer, but failed to show that the thirty days' notice had been given. This decision was clearly right, if this was the state of the pleadings.

I contend that the latter part of sec. 2 of the act of 1894 has no application whatever to county treasurers, except, possibly, a case where the treasurer fails to turn over or " pay · over " to his successor in office the funds in his hands. How can this provision have any application to county treasurers who have wasted and misappropriated funds? They are re-

quired by law to have the funds of their office on hand at all times; whenever they are called upon by the board of supervisors to bring the funds into its presence to be counted, it must be done. To whom would the state revenue agent have given the county treasurer notice to "pay over" this money? He was not required by law to "pay it over" to anyone. He was required to have it on hand in the treasury. In a case of this kind, is thirty days' notice to "pay over" a condition precedent to the right to sue, when the unfaithful officer would not have a right to "pay over?" Certainly, the term "pay over" does not mean to put back into one's pocket money required by law to be there at all times, but which has been squandered and misappropriated. I submit that "pay over" in this case means "pay over" to some one else.

There is no bookkeeping recognized or required by law on the part of a county treasurer, or any other official with whom he deals, which, when properly kept, would present by correct open account the delinquency of a county treasurer, caused by his wasting and misappropriating the funds of his office. Suppose a county treasurer should waste the funds of his office in speculation, what entry is he required by law to make of this fact on the books of his office? What entry is required to be made of it by any other officer? None at all. What is he to do? Why, of course, put the money back into the treasury. The same is true of money of which he has been robbed, provided, of course, he is liable to replace the funds of his office, of which he has been robbed without fault of his, which I will notice hereafter. What was the sense of giving the notice to "pay over" in this case? The treasurer had already refused to "pay over" for four months.

*Clifton & Eckford* and *W. A. Nabors,* for appellee.

Because of the failure to allege in the original bill that thirty days' notice to replace the lost fund had been given the treasurer, prior to the bringing of the suit the demurrer was prop-

erly sustained to the original bill, with leave to amend. *State* v. *Taylor*, 68 Miss., 730; Story's Equity Pleading, sec. 728; Daniel's Chancery Practice (6th ed.), 314; 6 Enc. Pl. and Prac., 400; *State* v. *Adler*, 68 Miss., 487.

The amended bill affirmatively shows that the thirty days' notice was not given the treasurer before bringing the suit, and, as complainant's right to maintain the suit depended upon this notice, the demurrer was sustained and the bill dismissed properly. *State* v. *Brennan*, 72 Miss., 894; *Griffin* v. *Levee Commissioners*, 71 Miss., 767; *Adams* v. *Bolivar County*, 75 Miss., 154; Laws 1894, p. 29.

The contention that notice was not necessary in the case at bar, because the delinquency did not appear by a correct open account kept on the books of the proper accounting officer, is based upon error. The deficit will be shown by account correctly kept and duly recorded by three several officials who, under the statute, are required to make and keep a record of it, to wit: (1) The county treasurer himself. Code of 1892, §§ 901, 902, 910. (2) The chancery clerk acting as county auditor. Code of 1892, §§ 329, 336, 338. (3) The board of supervisors. Code of 1892, §§ 902, 903.

WOODS, C. J., delivered the opinion of the court.

The record presents a case of a delinquency, not arising because of any official misconduct of the treasurer, but on account of the robbery of his safe by unknown burglars, with the shortage of the officer disclosed promptly in his first report to the board of supervisors. The treasurer's own books and accounts, as well as those of the county auditor, will make this delinquency appear by a correct open account. This officer is not a dishonest one, who has stolen or wasted the public funds and fails and refuses to make good his embezzlement. It is the case of an honest official who has been deprived of a large sum of public money by robbery, and who, under his view of legal liability, is not bound for the return of the sum stolen.

In this case, before the appellant could institute suit on the treasurer's bonds, it was his duty to give thirty days' notice to the treasurer to make good the shortage, and his bill should have "averred the existence of the state of case giving the revenue agent the right to sue." *State* v. *Taylor*, 68 Miss., 730. Not doing so, it was bad on demurrer.

This precise question was considered by this court in *Griffin* v. *Levee Commissioners*, 71 Miss., 767, and was decided adversely to the contention here made by appellant's counsel. In that case we said: "The bill filed in the prior suit does not aver that the state revenue agent had given the delinquent tax collector thirty days' notice to pay over the amount shown to be delinquent by correct open account on the books of the proper accounting officer, and this condition precedent must have been complied with by the revenue agent before his right to sue and collect could arise."

It is thought by counsel for appellant that the statute requiring thirty days' notice to the delinquent to "pay over the amounts" of the shortage can have no application to the treasurer, because there is no other officer to whom he could pay over. This is verbal hypercriticism. If the treasurer replaces the money by paying it into the treasury, he will do exactly what the statute means and requires.

It is asked, why give this officer thirty days' notice, seeing he has formally announced to the board of supervisors his refusal to make good the loss? Because the law is so written, and to this official, as to all others in like circumstances, there is the *locus penitentiæ* of thirty days. Within that period of grace he may reconsider and pay.

*Affirmed.*