STATE ex rel. RICE, ATTY.-GEN., v. LARGE.

(Division A. Jan. 9, 1933).

[145 So. 346. No. 30337.]

Greek Rice, Attorney-General, L. K. Saul, of Ellisville, and Welch & Cooper, of Laurel, for appellant.

Reily & Parker, of Meridian, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an action in the nature of a quo warranto, issued in the name of the state of Mississippi by the Attorney-General, whereby it is sought to have the appellee, U. S. Large, removed from the office of county superintendent of education of Wayne county, Mississippi. To the information filed on behalf of the state, the appellee filed a plea in abatement, alleging, in effect, that all the matters involved were also involved and being liti-

gated in a prior suit then pending in the same court. The demurrer to this plea in abatement was overruled, and, the state having declined to plead further, judgment was entered abating and dismissing the suit; and from this judgment the state has appealed.

The information charged that the appellee was unlawfully holding and exercising the functions of the office of superintendent of education of Wayne county, because he is not now, and was not at the time of his election to such office, qualified and eligible to hold it; and alleges as grounds of such disqualification that: First, he had not been a resident citizen of Wayne county for two years immediately preceding his election to such office; second, that he did not hold at the time of his election, as required by law, a certificate attesting that he was a graduate of a high school requiring at least fifteen units for graduation or the equivalent thereof; or that he had at least two years' successful experience as a teacher in the public schools of the state, or was a graduate of a standard college, and had passed the examination required by law; and, third, that he was not a qualified elector, for the reason that he had not paid his poll tax for each of the two years preceding his election to such office.

The plea in abatement filed by the appellee alleges, in substance, that the appellee was duly elected to the office of superintendent of education of Wayne county; that on January 1, 1932, his immediate predecessor in that office refused to surrender it to him; that thereupon an information in the nature of a quo warranto, in the name of the district attorney of the Tenth judicial district, on the relation of the appellee, to try the right to such office, was filed; that, to the information filed in that cause, the defendant, Jesse Wilkins, filed special pleas alleging in bar of the relator's right to maintain that proceeding, and be inducted into the office, identically the same grounds of disqualification of the relator as are now alleged in the information filed in the name of the

state; that demurrers were sustained to these pleas and a final judgment entered, removing the said Jesse Wilkins from office, and inducting the said relator into office; that an appeal was presented to this court, where the judgment was reversed and the cause remanded for a trial on the merits of the issues presented by these pleas, which issues are identical with those presented by the pleadings in the case at bar; and that said suit between the relator, U. S. Large, and the defendant, Wilkins, is pending and undisposed of. To this plea, as exhibits thereto, there were filed copies of the proceeding in the former suit.

The demurrer to this plea in abatement challenged the sufficiency thereof, on the ground that the facts therein set up failed to show the pendency of a prior suit between the same parties, on the same cause of action, and wholly fails to show any facts or circumstances sufficient in law to abate the present action. Upon these pleadings, the sole question presented for decision is whether or not the pendency of the prior suit filed by the district attorney on the relation of U. S. Large against Jesse Wilkins, to try the right to the office, is sufficient ground for the abatement of this action, filed by the state, to remove the said U. S. Large from the office.

By virtue of section 3053, Code 1930, an information in the nature of a quo warranto will lie in the name of the state against any person who unlawfully holds or exercises the functions of a public office, civil or military, and to try the right to any such office. Section 3054, Code 1930, provides that such proceedings shall be by information, in the name of the state, by the Attorney-General or a district attorney, on his own motion or on relation of another, and, in a case to try the right to an office, the proceedings shall be on the relation of the claimant of the office. In the case of Andrews v. State ex rel. Covington, 69 Miss. 740, 13 So. 853, which was a quo warranto proceeding in the name of the Attorney-

General on the relation of the claimant of an office to try the right thereto, the court held that the action was manifestly a private suit by the relator to try his right to the office there involved; and that, although on the facts disclosed by the petition, the claimant, Covington, was not qualified to hold the office, and could not therefore oust the incumbent, it would be eminently proper for the state to proceed against him.

The case at bar is not a private suit involving only the rights of individuals, but is one by the state to test the right so to do of one who is holding and exercising the functions of a public office. As a general rule, the pendency of an action cannot be pleaded in abatement of a subsequent action, unless the two are between substantially the same parties, and also for substantially the same cause. A proper test in determining whether or not a subsequent action should be abated on account of the pendency of a prior action is: Would the judgment in the prior action be conclusive between the parties and operate as a bar to the second, or, in other words, would the judgment in a prior action be res adjudicata of the issues presented in the second suit? 1 C. J. 66. It is probably true that the question of the appellee's qualification to hold the office of county superintendent is involved and may be determined in the pending private suit between him and Jesse Wilkins, but the state of Mississippi is not a party to that suit, and cannot be bound thereby. It necessarily follows, therefore, that the pendency of this prior private suit is not ground for abatement of the state's action to remove the appellee from the office.

An analogous principle was announced in the case of Foote v. Myers, 60 Miss. 790, wherein it was held that the pendency of a proceeding by C, individually, for a mandamus against the secretary of state, was not a bar to the prosecution of a suit for mandamus by the state, through the district attorney, although both proceedings were founded on the same state of case and sought the

accomplishment of the same purpose, and might be intended and expected to inure to the benefit of C.

It follows from the views herein expressed that the demurrer to the plea in abatement should have been sustained; and, consequently, the judgment for the court below will be reversed and the cause remanded.

Reversed and remanded.