HUTCHENS *v.* CRAIG, STATE AUDITOR.

(In Banc. Nov. 25, 1940.)

[198 So. 736. No. 34312.]

Johnson & Allen, of Indianola, for appellant.

Watkins & Eager, of Jackson, for appellant.

**Frank E. Everett, Jr.,** Assistant Attorney-General, for appellee.

Argued orally by W. H. Watkins, Sr., and Elbert Johnson, for appellant, and by W. E. Gore, for appellee.

Smith, C. J., delivered the opinion of the court.

This is a proceeding begun by the appellant, the executrix of the estate of A. R. Hutchens, deceased, against Carl N. Craig, State Auditor, revived in the name of J. M. Causey, who succeeded Craig as State Auditor, alleging that A. R. Hutchens was clerk of the chancery court of Humphreys County at the time of his death; that the State then owed him the sum of $3,131.15, the aggregate of fees due him by the State under Section 6042, Code of 1930, "in connection with lands sold to the state for taxes" and prayed for a writ of mandamus directing the auditor to issue to her a warrant on the State Treasurer therefor. To this petition the appellee

plead in abatement alleging the pendency of a suit in the chancery court of Humphreys County, begun on the third day of November, 1939, and pending at the time of the filing of this petition for a writ of mandamus involving "the same subject matter and parties as are now presented to this court in this suit for mandamus, and the determination of the questions in said prior pending suit in Humphreys County will decide the issues now presented, and the pleadings in said suit in Humphreys County, Mississippi, being cause No. 1272 in said cause, are presented herewith to this court and asked to be made and considered a part of this plea."

The exhibits to this plea disclose the parties to and the nature of the suit pending in the chancery court of Humphreys County. No demurrer or replication in the usual form were filed by the petitioner, but she replied to the plea by an answer admitting and denying allegations of the plea and agreeing that the auditor might deduct the money alleged in the chancery suit, as will hereinafter appear, to be due the State by Hutchens from the money due him by the State, and issue a warrant to the petitioner for the remainder. The case was then submitted to the judge of the court below who tried it without a jury on the pleadings and an agreed statement of facts and rendered a judgment sustaining the plea in abatement and dismissing the petition without prejudice.

The record discloses that the suit plead in abatement of the present action was filed in the chancery court of Humphreys County by J. B. Gully, State Tax Collector, for the use and benefit of the State of Mississippi, County of Humphreys and its several taxing districts, Mississippi Levee District and Yazoo & Mississippi Delta Levee District against Massachusetts Bonding & Insurance Company, a corporation, Kathleen P. Hutchens, executrix of the estate of A. R. Hutchens, deceased, Citizens Bank & Trust Company of Belzoni, Mississippi, Carl N. Craig, State Auditor, and Newton James, State Treasurer.

The cause of action there sued on was the alleged failure of A. R. Hutchens to account to the state, county and levee districts for money belonging to them which came into his hands as chancery clerk, amounting in the aggregate, according to the statement of facts, to more than $10,000, the State's portion thereof being $696.16. The State owes Hutchens $3,131.15 as hereinbefore said. The relief sought in that suit against the State Auditor and State Treasurer is that the auditor be enjoined from issuing a warrant to Kathleen P. Hutchens, executrix of the estate of A. R. Hutchens, deceased, for the money due the deceased by the State, and that on final hearing the auditor be required to issue a warrant therefor to the State Tax Collector, and that the State Treasurer be required to pay the same. The plea in abatement does not allege and the record does not disclose that any preliminary injunction directed to the State Auditor and Treasurer was issued on this bill of complaint, so that we are not here confronted with any question that could arise out of such an injunction.

The plea in abatement fails to allege that the relief that could be awarded the appellant in the chancery suit would be ''as ample and efficient'' as that which can be awarded her in this mandamus proceeding. Carbolineum Wood Preserving & Manufacturing Co. v. Meyer, 76 Miss. 586, 588, 25 So. 297. But the failure to so allege aside, the plea should have been overruled. The record of the pleadings in the chancery suit wherein the appellant is a defendant discloses that she is there only resisting the suit of the Tax Collector, and that a decree therein for her would result only in the dismissal of the bill of complaint against her and the other defendants therein, including the State Auditor and State Treasurer, and as against the auditor and treasurer her right vel non to the money here in question would be undetermined, and in event the auditor should decline to issue a warrant to her therefor, another mandamus proceeding against him would be necessary. Should authority be desired there-

for, it will be found in Foote v. Myers, 60 Miss. 790; Griffin v. Board of Mississippi Levee Commissioners, 71 Miss. 767, 15 So. 107; State ex rel. v. Large, 164 Miss. 318, 145 So. 346; 1 C. J. S., Abatement and Revival, sections 39 and 43; 1 Am. Jur., Abatement and Revival, Sections 14 and 26.

Two additional reasons for overruling this plea in abatement are asserted by counsel for the appellant, but we will not pause to inquire therein.

Reversed and remanded.