EXTRUDED PLASTICS, INC. *v.* LESTER L. HARRIS ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 93517

Memorandum filed May 13, 1955.

*Cummings & Lockwood*, of Stamford, for the plaintiff.

*Pullman, Comley, Marshall & Parker*, of Greenwich, for the defendants.

TROLAND, J. This is an action against the defendants Lester L. Harris and William B. Marasco, who were formerly employees of the plaintiff in an alleged relationship of confidence and trust. Plaintiff claims the defendants upon employment agreed, in writing, that any information derived in the course of their work with the plaintiff would be kept in

complete secrecy and not divulged under any circumstances. The complaint alleges the defendants are, in violation of said agreements, now engaged in the manufacture of extruded plastics with the plaintiff's secret formulae and processes and are selling the same upon the market without plaintiff's consent and to the plaintiff's great and irreparable damage. An injunction is sought restraining the alleged actions complained of.

The defendants have pleaded in abatement the pendency of another action in the United States District Court for the eastern district of New York, alleged to be between the same parties and for the same cause as that set forth in the complaint. The evidence establishes that there is pending, in said United States District Court, Civil Action No. 14497, in which Extruded Plastics, Inc., a Connecticut corporation, is plaintiff and Plas-Tube Corporation, a New York corporation, is defendant. The complaint in said action sets forth an alleged infringement by the defendant of a certain patent legally issued to the plaintiff for an invention in "Extruded Plastic Tubing." The complaint also alleges that the defendant corporation has engaged Lester L. Harris and William Marasco to construct and operate certain apparatus for production of extruded plastic tubing and plastic containers with intention of using this plaintiff's trade secrets possessed by said Harris and Marasco in such construction and operation.

In the United States District Court action the plaintiff seeks injunctive relief against the defendant corporation and damages for patent infringement, and also an injunction against further use of plaintiff's trade secrets by Plas-Tube Corporation and by those under its control in the manufacture and sale of extruded plastic tubing and plastic containers. Plas-Tube Corporation is not a party to the action pending in this court. A judgment for the plaintiff

in the action in the United States District Court would bind Plas-Tube Corporation and incidentally would affect the relations of Harris and Marasco with that company alone, but such a judgment would fall short of giving to the plaintiff complete enforcement of its claimed rights against the said Harris and Marasco.

The present action appears to be reasonably necessary for the enforcement of the plaintiff's claimed rights against the defendants Harris and Marasco.

The plea in abatement is therefore overruled. *Brochin* v. *Connecticut Importing Co.,* 137 Conn. 350, 352.