ETHRIDGE, Chief Justice:
This suit by appellant, General Acceptance Corporation (called GAC), is a nonresident attachment in chancery based on a Florida judgment. The trial court sustained the plea of abatement of Herman V. Hol-brook, defendant-appellee, and quashed the attachment, on the ground of a prior pending action already decided by that court and pending on appeal to the Supreme Court. We reverse, because we conclude that (a) the present suit, although based on the same judgment debt, involved some different and material facts, occurring in the period intervening between the two suits, and (b) there is not sufficient identity of relief or remedy sought by complainant, with the remedy in the second action being concurrent and cumulative, and thus reasonably necessary to enforce the rights of complainant.
In 1963 GAC obtained a judgment of $4,-235 against Holbrook, based upon personal process, in the Court of Record for Broward County, Florida. On July 29, 1964, GAC, a. Pennsylvania corporation, filed in the Chancery Court of Jones County, Mississippi, a suit with lis pendens based upoh that Florida judgment and seeking a non-resident attachment upon certain real property in Mississippi owned by Holbrook, a resident of Florida. The writ of attachment was executed on August 4, 1964. Subsequently personal process was had on Holbrook, who filed a motion to quash the attachment and dismiss. On September 15, 1964, the chancery court sustained that motion, holding that tire Florida judgment was not entitled' to full faith and credit, because on its face it did not recite personal process upon Holbrook.
Nine days later, on September 26, 1964, GAC filed in the same chancery court a bill of complaint against Holbrook based on the Florida judgment, and seeking a nonresident attachment of the land in Jones County. Because the bill in Suit No. 1 had only brief averments as to the Florida judgment, with an attached copy of the-judgment, the bill in the present action (No. 2) made detailed, lengthy averments as to-the proceedings in the Florida court, and attached as exhibits authenticated copies of' the Florida proceedings. Lis pendens notice and a writ of attachment were executed the same day.
*925 Two days before GAC filed its bill in Suit No. 2, Holbrook conveyed on September 23 the land sought to be attached to his brother-in-law, John C. West and wife, Loyce West. This deed was not recorded until November.
On September 28, GAC amended its complaint, and averred that a bank held a deed of trust on this land, the trustee, M. B. Weems, had advertised and published notice of a foreclosure sale on the same day, and that Weems should be made a party defendant. It asked the court to permit complainant to attach any surplus monies which might be paid for the property at foreclosure over and above the prior lien of the bank-mortgagee. When the foreclosure sale was about to begin, Holbrook and West, through their attorney, advised the trustee that West had bought the land from Hol-brook, and desired to pay off the note and deed of trust and obtain an assignment of them. This was done on the same day. No foreclosure was had. John C. and Loyce West filed an answer with a plea of abatement and motion to quash, after requesting authority to intervene. These pleadings asserted the exhibits reflected no jurisdiction in the Florida Court, a prior pending action, and the deed to them. GAC replied that the Wests had obtained the deed from Holbrook after the bill in Suit No. 2 was filed and attachment and lis pendens were duly entered, and any transfer of interest to them was subject to GAC’s attachment; that the bank note and deed of trust owned by its assignee was a prior lien, but GAC, it was averred, was entitled to obtain judgment for the amount over and above the prior debt.
There was a hearing on the plea of abatement and motion to quash, which were sustained. Counsel for Mr. and Mrs. West, with permission of the court, withdrew them as defendants. The chancery court held that the decree in Suit No. 1 was res judi-cata of the issues in the instant case.
GAC appealed the order in Suit No. 1 without supersedeas, and on November IS, .1965, this Court reversed as to Holbrook, holding that the order amounted to a dismissal with prejudice, and the bill of complaint was sufficient against the motion to dismiss, since the validity of the Florida judgment should be determined in a hearing on the merits, not on the pleadings. General Acceptance Corporation v. Holbrook, 179 So. 845 (Miss.1965).
The question is whether the chancery court erred in the present action (No. 2) in sustaining the plea of abatement and quashing the lis pendens and writ of attachment..
It should be first observed that pleas-in abatement, being merely dilatory, and going not to the merits but tending to delay,, “have been universally declared to be without favor in the courts, and no latitude in practice is extended to them.” Griffith, Mississippi Chancery Practice § 336 (2d ed. 1950).
Abatement of an action upon the ground of a former suit pending is predicated upon comity, convenience, and orderly-procedure in the trial of contested issues.. No one should be harassed and oppressed' by two suits for the same cause of action and the same remedies. Pappas v. Maxwell, 337 Mass. 552, 150 N.E.2d 521 (1958). However, those considerations do not apply-to the circumstances in the instant case. The chancery court erred in sustaining the-plea of abatement and quashing the lxs-pendens and writ of attachment.
For most of the time during the pendency of this litigation in the trial court (Suit No. 2), there were three new parties, defendant. At the request of counsel for both Holbrook and his grantees, Mr. and' Mrs. West were permitted to intervene, asserting that their unrecorded deed was superior to the attachment. Although near the close of the hearing the trial court allowed them to withdraw, the unrecorded' deed to them was a new issue. The deed to the Wests, made prior to lis pendens notice but not recorded until after it, would be-subject to the lis pendens and attachment,. *926 if a subsequent judgment should be entered establishing the interest based upon the attachment. Jones v. Jones, 249 Miss. 322, 161 So.2d 640, 643-644 (Miss.1964). However, during the pendency of Suit No. 2, this was a new issue and the Wests were new parties, not involved in Suit No. 1. See 1 Am.Jur.2d Abatement § 22 (1962).
Furthermore, another new party in Suit No. 2 was the trustee of the deed of trust, Weems, who was threatening to foreclose.
1 Am.Jur.2d Abatement Section 31 (1962) summarizes the rule as to remedies in this way:
“If the remedy sought to be enforced in a second action is concurrent or cumulative, as where one action is to enforce a lien given to secure a debt and the other is to recover on the debt, or where one proceeding is in scire facias to revive a judgment and the other an action of debt on the judgment, or where an action of ejectment is followed by one for unlawful ouster or of covenant for rent from the same property, the second action does not abate. This rule applies also where, during the pendency of an action, a new action is begun on a foreign judgment based on the same cause.”
In short, if the second suit is reasonably necessary to enforce the rights of the complainant, abatement will be denied although the two actions are between the same parties for the same cause. Extruded Plastics, Inc. v. Harris, 19 Conn.Supp. 379, 114 A.2d 386 (1955).
The bank, holding a note secured by a prior deed of trust on the attached property, was about to foreclose the deed of trust. If there had been a surplus above the amount of debt and costs, it would have been given, to the Wests, unless Weems, the trustee, was made a party to the action. The foreclosure was stopped at West’s instance. He paid the debt and obtained an assignment of the note and deed of trust, which appellant concedes is prior to its •claim. However, this issue also introduced a third, additional party to Suit No. 2 who was not in Suit No. 1. It was necessary to make him a defendant in order to protect whatever rights GAC had to the land and its proceeds.
Moreover, GAC had previously appealed the order in Suit No. 1 without su-persedeas. When Suit No. 2 was filed, it was at least a substantial question as to whether the appeal of No. 1 without super-sedeas maintained the effectiveness of its lis pendens and attachment. In a circuit court attachment the status quo is preserved by statute. Miss.Code Ann. § 2724 (1956). In chancery attachment there is no statutory provision of this nature, but it is not necessary to decide that question. The fact is that the status of the attachment and lis pendens in Suit No. 1, being without super-sedeas, was of doubtful effectiveness.
In short, GAC was justified in concluding that the second suit was reasonably necessary to enforce its rights under all of these circumstances: the questionable status of the attachment and lis pendens in Suit No. 1; the threatened foreclosure of the deed of trust, which necessitated making the trustee an additional party in Suit No. 2; and the intervention of the Wests in Suit No. 2. See Hutchens v. Craig, 189 Miss. 772, 198 So. 736 (1940); State ex rel. Rice v. Large, 164 Miss. 318, 145 So. 346 (1933); Griffin v. Board of Miss. Levee Commissioners, 71 Miss. 767, 15 So. 107 (1894); Foote v. Myers, 60 Miss. 790 (1883); Griffith, Miss. Chancery Practice §§ 328-338 (2d ed. 1950).
Remedies incident to the collection of a judgment are generally held to be concurrent, and cannot be pleaded in abatement of the other. 1 C.J.S. Abatement & Revival §§ 29, 41, 42 (1936). Accordingly, the test frequently applied in determining whether there is an identity of causes of action is whether the relief sought in the second action, to which abatement is pleaded, is fully covered by, and obtainable under the relief asked in the prior action, which is *927 pleaded in abatement. Ibid., § 43. 1 C.J.S. Abatement & Revival § 43a (1936) states the rule as follows:
“ * * * (I) f a party to a pending cause cannot recover therein the full relief asked by him, the pendency thereof is no ground for abating a second action to obtain such relief; and accordingly, an action will not be abated on the ground of another action pending where the relief sought and remedy available therein are broader and more extensive than can be obtained in the other pending action; * * * »
Finally, where abatement of the second action would cause the plaintiff to lose an advantage gained therein by attachment, it is denied. Brochin v. Connecticut Importing Company, 137 Conn. 350, 77 A.2d 336 (1950); Dettenborn v. Hartford-National Bank & Trust Co., 121 Conn. 388, 185 A. 82 (1936); Farley-Harvey Co. v. Madden, 105 Conn. 679, 136 A. 586 (1927); Annot, 40 A.L.R.2d 1111 (1955). James v. Dowell, 7 Smedes & M. (15 Miss.) 333 (1846), is not relevant to the present case, because it involved attachments at law, the defendant was a resident of this state, and there were no questions of additional parties and concurrent remedies. Here the particular circumstances involved additional parties, and concurrent, additional remedies.
Reversed and remanded.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.