# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-IA-01172-SCT

*MICHELE BIEGEL AND BETTIE RUTH JOHNSON*

*v.*

*BARRY WADE GILMER*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/2018 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| TRIAL COURT ATTORNEYS: | BARRY W. GILMER |
| | CHUCK McRAE |
| | SETH CLAYTON LITTLE |
| | ROBERT G. GERMANY |
| | DANIEL J. MULHOLLAND |
| | JOSHUA BRIAN STRETCH |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | ROBERT G. GERMANY |
| ATTORNEY FOR APPELLEE: | BARRY WADE GILMER (PRO SE) |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 02/13/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., CHAMBERLIN AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. This is an interlocutory appeal from an order of the Madison County Circuit Court transferring a suit to the Hinds County Chancery Court based on the first-to-file rule.[1] Most

---

[1] *See, e.g.*, **RAS Family Partners, LP v. Onnam Biloxi, LLC**, 968 So. 2d 926, 929 (Miss. 2007).

of the claims were properly transferred, but all parties to this appeal agree it was error to transfer the claims against two of the defendants, Michele Biegel and Bettie Ruth Johnson. We recognize the inherent power of the circuit court to control its own docket, but after reviewing the record, we agree that the transfer of the entire case was erroneous. We reverse the transfer of the claims against Biegel and Johnson, and we remand the case to the Madison County Circuit Court.

**FACTS**

¶2.     The underlying controversy is a fee dispute between attorneys Seth Little, Barry Wade Gilmer, and Chuck McRae. McRae sued Gilmer in the Hinds County Chancery Court, claiming unjust enrichment and seeking an accounting. McRae also filed suit in federal court, adding various claims including an alleged violation of the RICO Act.[2]

¶3.     Gilmer later filed this suit in the Madison County Circuit Court against McRae's attorneys in the fee dispute, Michele Biegel and Bettie Ruth Johnson. Gilmer's circuit-court complaint accused them of "conspir[ing] to defeat and steal the benefits of Barry Wade Gilmer's contingency fee contract" by "instruct[ing] Chuck McRae on July 15, 2016 to contact [the client] by telephone" "for fraudulent pecuniary gain." Gilmer's complaint also sought an injunction against McRae, Biegel, and Johnson to stop their "persistent efforts to prosecute frivolous claims against [Gilmer]."

¶4.     Biegel and Johnson filed a special entry of appearance and a motion to dismiss the complaint against them. McRae requested that the claims against him be transferred to the

_____

[2] The Racketeer Influenced and Corrupt Organizations Act. *See* 18 U.S.C. § 1964 (2012).

Hinds County Chancery Court, in which McRae previously had filed suit against Gilmer. The Madison County Circuit Court ordered the entire suit, including the claims against Biegel and Johnson, transferred. The circuit court denied Biegel and Johnson's motion to reconsider. This Court granted interlocutory appeal on November 14, 2018.

## DISCUSSION

### 1. Transfer Order

¶5. The Madison County Circuit Court transferred Gilmer's claims against Biegel and Johnson to the Hinds County Chancery Court, in which McRae had a pending suit against Gilmer. The circuit court had before it a motion to transfer, but it was only as to the claims against McRae.

¶6. The circuit court based its decision on the "first to file" or "race to the courthouse" rule. *RAS Family Partners*, 968 So. 2d at 929. "[W]here two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit." *Id.* (internal quotation marks omitted) (quoting *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 804 So. 2d 1000, 1006 (Miss. 2001)). This Court has said that

> A proper test in determining whether or not a subsequent action should be abated on account of the pendency of a prior action is: Would the judgment in the prior action be conclusive between the parties and operate as a bar to the second, or, in other words, would the judgment in a prior action be res adjudicata of the issues presented in the second suit? 1 C.J. 66.

*State v. Large*, 164 Miss. 318, 145 So. 346, 347 (1933).

¶7.     All parties agree that transfer of Gilmer's claims against Biegel and Johnson to the chancery court was erroneous.  But this Court can disregard an appellee's confession of error and affirm if it "can say with confidence, after considering the record and brief of appealing party, that there was no error." *Dennis v. Dennis*, 234 So. 3d 371, 374 (Miss. 2017) (internal quotation mark omitted) (quoting *Sanders v. Chamblee*, 819 So. 2d 1275, 1277 (Miss. 2002)).  And we are mindful that our trial courts have the inherent authority to control their own dockets. *See, e.g.*, *City of Jackson v. Rhaly*, 95 So. 3d 602, 607 (¶10) (Miss. 2012).

¶8.     Biegel and Johnson argue transfer was not required under the first-to-file rule because the elements of res judicata are not met. *See Large*, 145 So. at 347.  Res judicata "bar[s] a subsequent attempt to litigate a claim already decided." *Clark v. Neese*, 262 So. 3d 1117, 1122 (Miss. 2019) (citing *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005)).  Res judicata "is a doctrine of public policy designed to avoid the 'expense and vexation' of attending multiple lawsuits, conserve judicial resources and foster reliance on judicial action by minimizing the possibilities of inconsistent decisions." *Id.* (quoting *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1337 (Miss. 1997)).  It "generally requires the presence of four identities: '(1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made.'" *Clark*, 262 So. 3d at 1122 (quoting *Hinton v. Rolison*, 175 So. 3d 1252, 1258 (Miss. 2015)).

¶9.     This Court's holding in *Large* is instructive—there, we held that there was no abatement of the second suit because, although the identity and subject matter of the second

4

lawsuit were the same, the parties were different. *Large*, 145 So. at 347. In today's case, the identity of the action and the subject matter are the same, but Biegel and Johnson were acting as McRae's attorneys in the chancery-court suit and were not themselves parties. It was not compulsory for Gilmer to assert his claims against Biegel and Johnson in that suit. *See* M.R.C.P. 13(a) (counterclaims are compulsory only against "any opposing party").

¶10. Since Biegel and Johnson were not parties to the chancery-court action, there was no exclusion or abatement of the circuit-court suit against them. *See Large*, 145 So. at 347. The circuit court thus erred by transferring the suit against Biegel and Johnson to the chancery court.

### 2. 12(b)(6) Dismissal of Claims

¶11. Finally, Biegel and Johnson argue that this Court should dismiss the claims against them for failure to state a claim on which relief can be granted. *See* M.R.C.P. 12(b)(6). But Biegel and Johnson did not raise this issue in their principal appellate brief. Mississippi Rule of Appellate Procedure 28(a)(3) requires that the brief of the appellant contain a Statement of Issues that "shall identify the issues presented for review. . . . Each issue presented for review shall be separately numbered in the statement." And "[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified." M.R.A.P. 28(a)(3). Rule 28(a)(7) further requires that the appellant's brief "contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." M.R.A.P. 28(a)(7). Consequently,

"this Court does not consider issues raised for the first time in an appellant's reply brief." *Ray v. State*, 238 So. 3d 1118, 1122 n.3 (Miss. 2018) (citing *Sanders v. State*, 678 So. 2d 663, 669-70 (Miss. 1996)). This issue is procedurally barred.

## CONCLUSION

¶12.    We reverse the circuit court's transfer of the claims against Biegel and Johnson and remand the case to the Madison County Circuit Court for further proceedings consistent with this opinion.

¶13.    **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**