208  GALLASPY'S SONS CO. *v.* MASSEY.  [Sup. Ct.

Brief for appellant.   [99 Miss.

## W. H. GALLASPY'S SONS CO. *v.* T. A. MASSEY.

### [54 South. 805.]

1. HUSBAND AND WIFE. *Divorce and alimony. Lis pendens. Code 1906, sections 1673 and 3148.*

   A wife's right to alimony constitutes such an interest in her husband's real estate as that she may take advantage of the *lis pendens* statute Code 1906, section 3148 to protect such interest.

2. DIVORCE. *Alimony. Lis pendens. Code 1906, section 1673.*

   Where a wife files a bill for divorce from her husband and prays for alimony as provided in Code 1906, section 1673 and in her bill describes the real estate of her husband and asks that a lien be established thereon for the alimony allowed her, and at the same time has a notice put on the *lis pendens* docket of the county to the effect that she had instituted a suit for alimony involving this land, and afterwards a decree is rendered reciting that a lien was thereby established on the property described in the bill and previously placed on the *lis pendens* docket, she acquires a lien superior to a deed of trust executed by the husband alone after the filing of the *lis pendens* notice.

APPEAL from the chancery court of Newton county. HON. SAMUEL WHITMAN, JR., Chancellor.

Suit by W. H. Gallaspy's Sons Company against Mrs. T. A. Massey, who filed a cross bill. From a decree granting the prayer of the cross bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Fletcher & Whitfield,* for appellant.

That a claim made for alimony is personal and that property of the defendant cannot be tied up by describing it in the bill and by a *lis pendens* notice, see *Houston v. Timmerman* (Or. 1889), 11 Am. St. Rep. 484. That state had a statute which gave the wife one-third interest in the land and had notice put on the *lis pendens*

docket. A creditor of the husband sued him and got judgment before the wife got the divorce. The judgment lien was held to be superior to the right of the wife upon getting her divorce. The same rule is followed by the Maryland court in *Feigley* v. *Feigley,* 61 Am. Dec. 371, 380. There the court said:

"The doctrine of *lis pendens* has no application whatsoever to this case. As well might a pending action at law to recover an ordinary debt be a *lis pendens* as to the property of a debtor as a proceeding like the present, the purpose of each being to subject the property of the debtor to the payment of debts. *Lis pendens* is a proceeding directly relating to the thing or property in question."

The case of *Feigley* v. *Feigley, supra,* and others are referred to by the Nevada Court in *Powell* v. *Campbell,* 19 Am. St. Rep. 350. Beginning on page 359 the court says:

"In many cases, where as in divorce proceedings, the application is for alimony proper, that is, an allowance to be paid at regular periods for the wife's support, and especially where there was no statute allowing her any specific part of the husband's estate, it has been held that the rule of *lis pendens* does not apply to any specific part of the personal or real estate of the husband. *Almond* v. *Almond,* 4 Rand. 662, 15 Am. Dec. 781; *Brightman* v. *Brightman,* 1 R. 1, 112; *Feigley* v. *Feigley,* 7 Md. 562, 61 Am. Dec. 375. But where the statute permits the husband's estate to be set apart to the wife for life, or, if necessary, in fee, for her support, and in her complaint she specifically describes property which she asks the court to decree to her for her support, there seems to be no well founded reason why the rule of *lis pendens* should not apply. True, it may be said that support is but an incident. But it is also true that when divorce is sought and granted, and support is required from the husband, the law permits the court, and it is the

99 Miss.—14

court's duty, to provide such support as is reasonable
and just under all the circumstances. In such a case, a
purchaser *pendente lite,* with notice of the suit and its
object, knows that the property described may be decreed
to the wife, and that one of the objects of the suit is to
obtain a decree awarding such property to her. *Wilkin-
son* v. *Elliot,* 19 Am. Rep. ——.

The word alimony is a technical term, theoretically
restricted to personalty, and practically to money; and
while it is payable out of the husband's estate, real as
well as personal, it never covers the estate itself. That
this is the true meaning of the word is not disputed and
therefore it is generally held that an award of property
to the wife as alimony is improper where there is no
statute express or implied, authorizing it. 3 Ency. L.
& P., p. 92.

The encyclopedia contains general statements to the
effect that real estate may be charged with a claim for
alimony when it is described in the bill or petition and
that in such cases it is proper to give the *lis pendens*
notice.

See 21 A. & E. R. of L. 642; 25 Cyc. 1459; 3 Ency. L.
& P. 193. These general statements, however are mis-
leading. There must be a proper statute to authorize
such procedure. There must be found in a statute the
jurisdictional authority to set apart or subject specific
property to claim for alimony.

Under our statute, section 1673 of the Code, the court
may make all orders touching the maintenance and ali-
mony of the wife, or any allowance to be made to her,
and may, if need be, require sureties for the payment
of the same.

But in the case at bar the appellant holds title to this
property by virtue of the trustee's deed made at the
foreclosure of the trust deeds which were given before
the husband and wife separated and which were signed
by this appellee herself. There were two trust deeds

which she signed, Nos. 1 and 2. They covered all the land which the court decreed to her in this case. These two trust deeds were 'foreclosed and the land was sold under them and this appellant bought at the foreclosure sale and paid the money and deed was made by the trustee. It is true that the deed was made by the trustee by virtue of a foreclosure of three instruments, but the third instrument, while it covered this property also covered another twelve acres and the fact that the sale was made under that third instrument also could not prevent the appellant, nor take from it, the right to refer its deed to these two trust deeds signed by appellee. His deed is supported by these two instruments as well as by the other instrument.

*Foy & Banks,* for appellee, filed an extended brief too long for publication, contending that a divorce and alimony suit containing a description of the husband's property, with entry of the proper notice on the *lis pendens* docket, constitute *lis pendens,* and is notice and binds the property in the hands of one purchasing the same, with notice, during the pending of such suit; citing: *Goff* v. *Goff,* 60 W. Va. 9; 9 Amer. and Eng. Cases, 91; 2 L. R. A. 48; Freeman on Judgments, par. 198; 25 Cyc., page 1459; 21 Amer. and Eng. Ency. of Law, p. 596-598; 1 Beach on Modern Equity Jurisprudence, par. 349, 353, 354, 360; *Buck* v. *Pain,* 50 Miss. 348; *McLeod* v. *First Nat. Bank,* 42 Miss. 112; *Buck* v. *Pain,* 52 Miss. 271; 15 Amer. and Eng. Ency. of Law, 2d Ed., 640; 15 Amer. and Eng. Ency. Law, 2d Ed., pp. 533, 534; *Campbell* v. *Adair,* 45 Miss. 182; *Suter* v. *Suter,* 72 Miss. 345; 2 B. & P. 228, note; 2 Kent 532; 113 N. Y. 582; Bouvier's Law Dictionary; 15 Am. and Eng. Ency. Law, p. 546; *Murphey* v. *Renner* (Minn.), 8 L. R. A. (New Series), 565; *Scott* v. *Scott,* 73 Miss. 575; 28 Amer. and Eng. Ency. Law, 2d Ed., p. 775; Amer. and Eng. Ency. Law, 2d Ed., p. 19, and authorities therein cited; 13 Amer.

and Eng. Ency. Law, 2d Ed., 818; *Price* v. *Halsell,* 90 Miss. 171.

MAYES, C. J., delivered the opinion of the court.

The appellee, Mrs. T. A. Massey, for some years prior to the 23d of February, 1906, was the wife of J. M. Massey, and they lived together as such. About the 23d of February Mrs. Massey was driven from her home by the cruelty of her husband, and never returned to live with him any more. It seems that he had been cruel and unkind to her for a long time prior to the above date, and that these continued cruelties culminated in a final separation on the 23d of February. On the 5th day of March, 1906, Mrs. Massey filed a bill in the chancery court of Newton county, seeking a divorce from her husband, and also praying for alimony. On the day she filed this suit she also sought to establish a lien on her husband's estate for the payment of the alimony sought to be recovered, and in order to accomplish this she described the land in controversy in her bill, and asked that this land be subjected to any decree for alimony which she might recover, and at the same time she had a notice put on the *lis pendens* docket of the county to the effect that she had instituted a suit for alimony involving this land. On June 5, 1906, the court allowed Mrs. Massey alimony *pendente lite,* and on December 6, 1906, a final decree was rendered allowing Mrs. Massey six hundred dollars alimony and fifty dollars attorney's fees, and the decree recited that a lien was thereby established on the property described in the bill and previously placed on the *lis pendens* docket. The decree further provided that execution might issue for the payment of six hundred and fifty dollars if not paid within the sixty days. The land in controversy involves two tracts, one containing eighty-two acres of land and the other one hundred and sixty acres, making two hundred and forty-two acres altogether.

Previous to the institution of this suit for divorce, and on the 22d day of December, 1900, Mrs. Massey joined her husband in the execution of a trust deed on eighty-two acres of the land to secure an indebtedness of one hundred and fifty dollars owing to J. J. Gaines and due December 1, 1901, with interest at ten per cent. It also appears that on December 4, 1903, she joined her husband in the execution of a trust deed on one hundred and sixty acres of the land to secure an indebtedness of four hundred dollars owing to F. W. Gaines and bearing ten per cent interest, due November 1, 1904. These trust deeds were subsequently bought by Gallaspy Sons Company and duly transferred to them by the holders. At the date of the final separation of Mr. and Mrs. Massey, the above trust deeds were enforceable demands against the lands, and so continued to be up to the time of and after the decree of divorce and for alimony was rendered. It appears that, at the time of the separation of Mrs. Massey and her husband, Mr. Massey was indebted to Mrs. G. E. Gallaspy, administratrix of her husband, in open account, a sum amounting to nine hundred thirty-eight dollars and twelve cents. After the separation, and several weeks after the suit for divorce and alimony was begun, that is to say, on the 20th day of April, 1906, J. M. Massey executed to Mrs. G. E. Gallaspy, administratrix, a third trust deed on all the land included in the two above-named trust deeds, and additionally on twelve acres of land not before included in either of the first trust deeds; this last trust deed being executed for the purpose of securing the amount of this open account then due to Mrs. Gallaspy. Mrs. Massey did not join in this last trust deed, and it may be here stated that, in so far as this record discloses, all of the above securities were given in good faith and only for the purpose of securing *bona fide* debts. At the date this controversy arose W. H. Gallaspy Sons Company owned the first two trust deeds by assignment, and Mrs. Gallaspy, adminis-

tratrix, was the owner of the third trust. deed, and by substitution the same person was made trustee in all the trust deeds. All of the above amounts being due and unpaid on the 5th day of March, 1907, the trustee advertised all of the lands in all three trust deeds for sale; the advertisements in all respects complying with the law, or at least this is not a controverted point. The foreclosure sale was advertised for March 29, 1907, and on that date all of the property was sold, Gallaspy Sons Company becoming the purchasers for the sum of fourteen hundred and eighty-five dollars, and a deed was duly made by the trustee.

In the meantime, a decree having been rendered in Mrs. Massey's favor for six hundred and fifty dollars on December 6, 1906, an execution was issued under this judgment on March 11, 1907, whereunder the property was levied on and advertised to be sold on May 6th. On that date the same property was sold by the sheriff under execution, and Mrs. Massey became the purchaser, bidding the sum of six hundred dollars. Subsequently a deed was made by the sheriff under this sale to Mrs. Massey. So that on the 29th of March, 1907, Gallaspy Sons Company obtained a deed by virtue of the trustee's sale and claim to be the owners thereof, and on May 6, 1907, Mrs. Massey obtained a deed to the same property under the sale made by the sheriff. Mrs. Massey does not dispute the validity or priority of the first two trust deeds executed by herself and husband, but denies the priority of the last trust deed over her claim for alimony, and at the same time the trustee undertook to sell the property Mrs. Massey offered to pay all due under the first two trust deeds. This offer was rejected, unless she paid all due under all three of the trust deeds, and over her protest the property was sold by the trustee in order to collect all due under the three trust deeds. The purchaser, Gallaspy Sons Company, was fully advised and bought with full knowledge of all the facts,

but claims to have credited so much of the fourteen hundred and eighty-five dollars as was due under the first trust deeds to their own claim, and to have paid the excess to Mrs. G. E. Gallaspy on her account.

After all of the above transpired, suit was filed by Gallaspy Sons Company, claiming to be the true owners of the property, and seeking a cancellation of Mrs. Massey's deed. Mrs. Massey answered, making her answer a cross-bill, praying for the cancellation of the deed made by the trustee to Gallaspy Sons Company on payment to them by her of the amount found to be due under the first two trust deeds executed by her husband and herself, and, after this was done, praying for the granting and confirming of her title to the property. The additional twelve acres of land, not included in *lis pendens* notice, is not in controversy. On final hearing the court adjudged Mrs. Massey to be the owner of all the land described in her bill, subject to the lien of the first two trusts deeds, and canceled the trustee's deed made to Gallaspy Sons Company, ordering an account to be stated as to the amount due under the first two trust deeds, and making any amount found to be due a lien on the land. From this decree an appeal was prosecuted.

The sole question to be determined in this case is whether the wife's right to alimony is of such character as that she may protect and enforce it, as against the estate of her husband, through the medium of *lis pendens* provided for by chapter 89 of the Code of 1906. We have no hesitancy in asserting the affirmative of the proposition. While counsel for appellant cite many authorities denying the right, and are persuasively able in arguing the correctness of the cases which they cite, questions of this character must be settled exclusively by the laws of the state in which the question arises, where there is a law on the subject, and in this state we think this question is settled both by statute and decisions. We think that an examination of our statutes and deci-

sions on the subject of the wife's right to alimony, and
the character of this right as constituting an interest in
her husband's estate, will demonstrate that it is of such
a substantial nature as that she may invoke any remedy
known to the law to enforce and protect it. Section 1673,
Code of 1906, provides that, when a divorce shall be de-
creed from the bonds of matrimony, the court in its dis-
cretion may make all orders touching the maintenance
and alimony of the wife. In the case of *Garland* v. *Gar-
land,* 50 Miss. 694, this court held that the right of the
wife to maintenance by the husband was a vested right;
and in the case of *Scott* v. *Scott,* 73 Miss. 575, 19 South.
589, this court also held that: "Although the wife may
not have any estate in the land, and, therefore, may not
be entitled to maintain a bill for the single purpose of
vacating the invalid conveyance by her husband of the
homestead, her right to alimony out of his estate sup-
plies the interest which enables her to attack the deed
in order that the property thereby conveyed may be sub-
jected to her claim." From the above cases it appears
that this court has held that the wife's right to alimony
constitutes an interest in her husband's estate.

This being true, section 3148, Code of 1906, may be
invoked by her to protect and secure that interest. Sec-
tion 3148 is as follows: "When any person shall begin
a suit in any court, whether by declaration or bill, or by
cross-complaint, to enforce a lien upon, right to, or in-
terest in, any real estate, unless the claim be founded
upon an instrument which is recorded, or upon a judg-
ment duly enrolled, in the county in which the real estate
is situated such person shall file with the clerk of the
chancery court of each county where the real estate, or
any part thereof, is situated, a notice containing the
names of all the parties to the suit, a description of
the real estate, and a brief statement of the nature of
the lien, right, or interest sought to be enforced. The
clerk shall immediately file and record the notice in the

*lis pendens* record, and note on it, and in the record, the
hour and day of filing and recording.'' From an in-
spection of the above section it is readily seen that any
person having not only a lien upon or a right to any real
estate may take advantage of the *lis pendens* statute, but
it may also be done by any person having ''an interest
in'' the real estate.

The wife had an interest in this real estate for the
purpose of enforcing her vested right to maintenance,
and she had a right in law to have this interest protected
and it is our judgment that the decree of the chancellor
so holding was correct, and the case is affirmed.

*Affirmed.*