JONES (WHEELER) *v.* JONES, et al.

No. 42921          March 16, 1964          161 So. 2d 640

*Johnny N. Tackett,* Aberdeen, for appellant.

*William S. Turner,* Aberdeen, for appellees.

RODGERS, J.

The appellant, former wife of appellee Willis Jones, filed a bill of complaint against appellees, Willis Jones and his mother, Annie Mae Jones, in the Chancery Court of Monroe County, in which he sought to set aside a certain deed from Willis Jones to Annie Mae Jones, charging such conveyance to be a fraud upon appellant, judgment creditor, or pleading in the alternative that the deed should be subjected to the claim of the appellant. The bill requested lis pendens notice to be placed of record. The defendants answered, and ad-

mitted the deed but denied it was subject to the claim of appellant, because, it is said, the property therein described was (1) conveyed by deed delivered before appellant's claim was reduced to a judgment and before it became a lien on the property conveyed; (2) that the property is a homestead and is exempt from the sale by execution to satisfy the claim of judgment creditors, and therefore a deed conveying exempt property could not be set aside and subjected to the debts due a judgment creditor. Appellees made their answer a cross-bill and requested that lis pendens notices of record be cancelled. After the chancellor heard the evidence, he entered a decree dismissing appellant's original bill and directed the clerk to cancel of record the lis pendens notices filed by appellant. The appellant has appealed to this court from the adverse decree entered by the chancellor.

## I.

This claim arose out of the following circumstances: Prior to a divorce decree, dated September 16, 1958, Willis Jones and appellant were husband and wife. They had one child, Barbara Ann Jones. The divorce decree awarded the custody of the child to her mother, Mrs. Ludie B. Jones, and awarded her $15 per month for "child support." Appellee Willis Jones refused to pay the alimony, and thereafter on December 14, 1962, a decree was rendered by the chancery court reducing the back installments for child support to a judgment in the sum of $1,995.00. On November 28, 1962, lis pendens notice was filed of record at the time the petition was filed to reduce the installments to judgment. Lis pendens notice was also given at the time the instant suit was filed on the 19th day of December, 1962.

On August 21, 1962, (prior to the filing of the suit to reduce the unpaid alimony to a judgment) Willis Jones and his sister, Luevada Daily, deeded to their

mother, Mrs. Annie Mae Jones, their separate undivided 1/18th interest each, in the homestead of their late father. This deed was not recorded until December 3, 1962. Thereafter the present suit was filed on December 19, 1962, to cancel this deed.

Thus it is seen that at the time the original decree for alimony was entered in 1958, Willis Jones' father was living and Willis Jones had no interest in the land until his father died in 1960. He then inherited a 1/18th interest from his father's estate.

Appellee Willis Jones does not claim that his individual interest in the property inherited from his father is any part of his (Willis Jones') homestead, but asserts that the property is exempt as the homestead of his mother and that his undivided 1/18th interest could not in any event be sold for his debts because it is part of the homestead of his mother and is exempt under section 317, Mississippi Code 1942, Rec.

■■ ■■ The testimony shows that prior to the death of A. A. Jones, the father of Willis Jones, in 1960, the 26 acres here involved belonged to A. A. Jones and appellee, Mrs. Annie Mae Jones, and that it was their homestead. After the death of Mr. Jones, Mrs. Jones has continued to live on the property, and the property is exempt from her debts, provided of course the 26 acres was valued at less than the exemption allowed by law. See § 317, Miss. Code 1942, Rec. On the other hand, Willis Jones has no homestead exemption in the land, so that if he owned any interest in the property which became subject to the judgment recorded in the chancery clerk's office, such judgment became a lien on his undivided interest in the property. McCaleb v. Burnett, 55 Miss. 83; 26 Am. Jur., Homestead, § 173, p. 110.

■■ ■■ The testimony in this case does not show that the appellant had any actual interest in the land of her husband at the time the deed was made; nor is there

any evidence to show that the deed was fraudulently made for the purpose of defrauding the creditors of Willis Jones, although no consideration was paid for the conveyance.

## II.

Before the recordation of the deed from Willis Jones and his sister to his mother, on December 3, 1962, appellant had filed her suit to reduce the alimony installments to a judgment, and had given lis pendens notice of record. The question to be determined here is, does this lis pendens notice take precedence over the unrecorded deed so as to subject the interest of Willis Jones to the after acquired enrolled judgment?

██ Lis pendens simply means a pending suit, and the doctrine denotes those principles and rules of law which define and limit the operation of the common-law maxim: ''pendente lite nihil innovetur'', or that is to say, pending the suit nothing should be changed. 34 Am. Jur., Lis Pendens, § 2, p. 361.

██ ██ The object of the doctrine of lis pendens is to keep the subject in controversy within the power of the court until final decree and to make it possible for courts to execute their judgment. All property which is the subject matter of the suit under this doctrine is res litigiosa and is in custodia legis. Massachusetts Bonding & Ins. Co. v. Knox, 220 N.C. 725, 18 S.E. 2d 436, 138 A.L.R. 1438; Thompson on Real Property, Vol. 8 (1963), § 4308, p. 331.

Our lis pendens statute is section 755, Miss. Code 1942, Rec. The pertinent parts of this section are as follows: ''When any person shall begin a suit in any court * * * to enforce a lien upon, right to, or interest in, any real estate * * * such person shall file with the clerk of the chancery court of each county where the real estate, or any part thereof, is situated, a notice containing the names of all the parties to the suit, a

description of the real estate, and a brief statement of the nature of the lien, right or interest sought to be enforced * * *.''

It is said by Judge Griffith in his work on Mississippi Chancery Practice that: ''The doctrine of lis pendens is that every person, including a stranger to the suit and whether bona fide or not, who acquires from a party to the litigation any interest in property real or personal during the pendency of a suit respecting a right, title or interest in such property takes subject to, and is conclusively bound by, the decree in such litigation * * *.'' See § 527, Griffith's Miss. Chancery Practice (2d ed. 1950), p. 541.

In the case of Bank of Tupelo v. Motley, 127 Miss. 674, 90 So. 438, this Court pointed out that where a bank acquired a deed of trust on property described in a lis pendens notice in a suit to set aside a deed, the bank was bound by the decree entered in the suit, because the decree cancelling the deed related back to the filing of the bill and lis pendens notice. Cf. Smith v. Munger, 93 Miss. 627, 47 So. 676, occurring before the lis pendens statute.

In the case of Felder v. Felder's Estate, 195 Miss. 326, 13 So. 2d 823, this Court held that a wife's right to alimony constituted such an interest in her husband's real estate as would permit her to take advantage of the lis pendens statute to protect such interest. Moreover, where a wife obtains a decree for alimony (declared to be a lien on the land) she acquires a lien superior to a conveyance made after the filing of lis pendens notice. See W. H. Gallaspy Sons Co. v. Massey, 99 Miss. 208, 54 So. 805.

The text writer points out in 34 Am. Jur., Lis pendens, § 13 at p. 372 that: ''Since the matter is largely regulated by statute, the decisions are not in accord as to the status of the holder of a conveyance executed before the commencement of an action involving its sub-

ject matter, but not recorded until afterwards. In some jurisdictions there are enactments which provide in effect that the holder of any conveyance not of record at the time of the filing of the notice of lis pendens shall be bound by the judgment thereafter rendered in the same manner as though he were a party; and in states that have adopted such measures, it is generally held that they are applicable to holders of all unrecorded conveyances, including those executed and delivered prior to the filing of the notice." It is also noted that there are some decisions to the contrary, but in view of the previous holding of this court, particularly the case of W. H. Gallaspy Sons Co. v. Massey, supra, we believe the best rule to be that deeds and instruments made prior to lis pendens notice but not recorded until after notice has been given are made subject to the lis pendens notice, after an interest has been established by recorded judgment by operation of law. See Allen v. Poole et al., 54 Miss. 323.

## III.

In the instant case the action filed at the time the lis pendens notice was given, namely, November 28, 1962, proceeded to final decree on December 14, 1962, and was recorded on the date the decree was rendered. We are of the opinion that the recordation statutes are applicable to the facts in this case.

The part of section 1555, Miss. Code 1942, Rec., pertinent to this case is in the following language: "A judgment so enrolled shall be a lien upon and bind all the property of the defendant within the county where so enrolled, from the rendition thereof, and shall have priority according to the order of such enrollment, in favor of the judgment creditor, * * * and all persons claiming the property under him after the rendition of the judgment; and a judgment shall not be a lien

on any property of the defendant thereto unless the same shall be enrolled * * *.''

The pertinent parts of section 867, Code of 1942, are as follows: ''A conveyance of land shall not be good against a purchaser for a valuable consideration without notice, or any creditor, unless it be acknowledged by the party who executed it, * * * and be lodged with the clerk of the chancery court of the county in which the lands are situated to be recorded; but after filing with the clerk, the priority of time of filing shall determine the priority of all conveyances of the same land as between the several holders of such conveyances.''

The pertinent parts of section 869, Code of 1942, are as follows: ''Every conveyance, covenant, agreement, bond, mortgage, and deed of trust shall take effect, as to all subsequent purchases for a valuable consideration without notice, and as to *all creditors,* only from the time when delivered to the clerk to be recorded; and no conveyance, covenant, agreement, bond, mortgage, or deed of trust which is unrecorded or has not been filed for record, shall take precedence over any similar instrument affecting the same property which may be of record, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice.'' (emphasis supplied)

██ ██ We have reached the conclusion from the facts in the instant case, and from the authorities above cited that the deed by Willis Jones and his sister to his mother is a good and valid deed as between them, and conveyed the title to the described property. But cf. Wood v. Pebbles, 121 Ala. 100, 25 So. 723. It is subject, however, to the judgment lien of appellant. We hold that the recorded judgment relates back to the date of the decree by statute (§ 1555, Miss. Code 1942, Rec.) and by the doctrine of lis pendens to the date of the

filing of the action and lis pendens notice on November 28, 1962. See § 755, Miss. Code 1942, Rec.

██ ██ In holding that the 1/18th interest of Willis Jones in the estate of his late father is subject to the enrolled judgment of his wife, we are not unmindful that Annie Mae Jones was in possession of the described property at the time the deed was delivered. Her possession, however, was by virtue of her previous interest and homestead right, and possession was not material under these particular circumstances.

### IV.

It is argued by appellees that in a suit to set aside a fraudulent conveyance the lien of the statute can have no retroactive effect, and the lien is effective from the time of filing of the bill and no earlier. Appellees cite Griffith's Miss. Chancery Practice, 2d ed., § 504, p. 512. We do not believe, however, this authority is applicable here because the lien in this case had attached to the land before the suit was filed to set aside the deed. Moreover, the instant case is brought not only to set aside a fraudulent conveyance, but also to subject the land belonging to Willis Jones to the lien of the judgment.

### V.

██ ██ The undivided interest in the exempt property here involved descended to the wife and children of the decedent, A. A. Jones. § 476, Miss. Code 1942, Rec. However, the homestead, exempt under section 317, Miss. Code 1942, Rec., is not subject to partition (as shown by § 478, Miss. Code 1942, Rec.) during the widowhood of Mrs. Annie Mae Jones, provided she remains a widow and qualifies under the exemption statutes, supra. If, on the other hand, the property was of a greater value than $5,000 at the time of the death of decedent, that part over and above the exemption,

may be subjected to the debts of the co-owner. In any case, the title to the undivided interest of Willis Jones may be sold to satisfy the judgment of appellant, although the actual property may not be partited during the widowhood of Mrs. Annie Mae Jones without her consent, because of the provisions of section 478, Miss. Code 1942, Rec.

We are therefore of the opinion this case should be reversed for further proceedings in accordance with the above opinion.

Reversed and remanded.

*Lee, C. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.