825 So.2d 685 (2002)
Henry Lee WILLIAMS, Appellant,
v.
VINTAGE PETROLEUM, INC. and G.B. "Boots" Smith Corporation, Appellees.
No. 1999-CA-01628-COA.
Court of Appeals of Mississippi.
March 5, 2002.
Rehearing Denied May 14, 2002.
Certiorari Denied September 5, 2002.
*686 Paul Hardin Holmes, Glenn Louis White, Petal, John D. Smallwood, Tupelo, Stuart H. Smith, New Orleans, LA, attorneys for appellant.
Otis Johnson, David M. McMullan, Jr., Jackson, attorneys for appellees.
*687 EN BANC.
MYERS, J., for the court.
¶ 1. Henry Lee Williams appeals the decision of the Jones County Circuit Court. His stated issues are whether res judicata bars a second action when there was no disposition on the merits of the first action and whether res judicata can be applied barring a second action, when the claims of the first action were not present in the second action.

FACTS
¶ 2. In the 1960s several oil companies drilled on Viola Williams' land. Viola Williams is the deceased mother of the Appellant, Henry Lee Williams. In 1993, a suit was filed on behalf of Viola alleging certain defendants caused the property to be exposed to radioactive scale or deposits, saltwater and other waste from their oil and gas production. Viola owned a life estate in the land, located in Jones County, upon which B.P. Williams No. 1 Well is located.
¶ 3. Viola's case was referred to as the "Madison action" and was originally filed in Hinds County, Mississippi.[1] Due to the fraudulent joinder of Southeastern NORM Environmental, Inc., a non-diverse defendant, Viola's case was removed to federal court.
¶ 4. In August, 1994, Henry Lee Williams filed a complaint against the same defendants originally sued by Viola in the "Madison" suit. His claims were identical and the land subject to this suit is the same, as Henry had a remainderman interest in this land. Henry added two non-diverse defendants, Smith and Fuente. This suit was also removed to federal court upon the allegations of fraudulent joinder of non-diverse defendants.
¶ 5. Viola died while the cases were pending and Henry was named sole heir and administrator of his mother's estate. As such he was forced to pursue her claims along with his claims when his mother's guardian tried to have her case dismissed without prejudice. In December of 1994, the two suits were consolidated. The federal district court found that Southeastern NORM, Smith and Fuente were fraudulently joined and entered judgments in their favor. Smith's dismissal was appealed. On June 2, 1997, the United States Court of Appeals for the Fifth Circuit vacated and remanded the cases to the district court. Upon petition for rehearing the Fifth Circuit remanded the "Madison action," Viola's suit, to the district court with instructions to remand Henry's case to the Circuit Court of Jones County.
¶ 6. Jones County Circuit Court entered an order staying Henry's case as to Smith and Vintage Petroleum until the completion of the federal action. That order specifically stated that it would not "preclude or prohibit Defendant's Smith and Vintage from filing motions to dismiss on res judicata or collateral estoppel grounds during the period of the stay."
¶ 7. In April 1998, the circuit court entered an order dismissing Placid Oil Company and Texas International Petroleum Corporation and held that the doctrines of res judicata and collateral estoppel applied. Henry did not appeal those dismissals.
¶ 8. On July 23, 1998, the United States District Court for the Southern District of Mississippi, entered an order dismissing *688 with prejudice all of Viola's claims against Vintage Petroleum and Smith pending in the parallel federal district court. This was done on Henry's motion for such action. Based on this dismissal, Vintage Petroleum and Smith moved for summary judgment on the doctrines of res judicata and collateral estoppel. The lower court ruled that the requirements for both doctrines were present and entered summary judgment.

STANDARD OF REVIEW
¶ 9. This Court conducts a de novo review on all questions regarding summary judgment. Pickens v. Donaldson, 748 So.2d 684, 686 (¶ 9) (Miss.1999).

DISCUSSION
¶ 10. A final judgment on the merits bars further claims by parties or their privies based on the same cause of action under the doctrine of res judicata. Four identities must be present for res judicata to apply: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person for or against whom the claim is made.[2]Pro-Choice Mississippi v. Fordice, 716 So.2d 645, 665(¶ 69) (Miss.1998); citing Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1338(¶ 9) (Miss.1997). When these four elements are present a party will be barred from relitigating issues decided in a prior action or those that should have been litigated. Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751(Miss.1982).
¶ 11. Henry contends that res judicata should not apply because there were no claims to be litigated in federal court because of his mother's death. However, Mississippi provides that claims for damages to property survive the death by becoming part of the claim holder's estate. Miss.Code Ann. 91-7-233 (Rev.2001). Clearly Viola's claims survive her death. So the lawsuit was still viable.
¶ 12. Henry also contends that res judicata cannot apply in his situation because there was no decision made on the merits of the case while in federal court. A voluntary dismissal taken without prejudice is not an adjudication on the merits and does not operate as res judicata in subsequent suits. Stewart v. Guaranty Bank & Trust Company of Belzoni, 596 So.2d 870, 872-73 (Miss.1992). The federal rules provide that "[u]nless otherwise specified in the order, a dismissal under this paragraph [governing voluntary dismissals] is without prejudice." Fed. R.Civ.P. 41(a)(2). The order entered by Judge Lee on July 23, 1998, specifically states he was dismissing the case "with prejudice." It appears that Judge Lee "otherwise specified" a dismissal with prejudice and, as such, Viola's case was decided on the merits. His first issue is without merit.
¶ 13. The second issue is whether the above dismissal bars Henry's case under the doctrine of res judicata. To determine this we must look to the four requirements and review the facts.
¶ 14. Identity of the subject matter of the action is the first requirement that must be met. The subject matter in these two cases is identical. Both Viola and Henry sued because the land, in which one had a life estate and the other held a *689 remainderman's interest, had been contaminated due to the oil drilling and subsequent cleanup by the named defendants.
¶ 15. The second requirement is identity of the cause of action. It is satisfied when there is commonality found among the "underlying facts and circumstances upon which the claim is asserted and relief sought." Riley v. Moreland, 537 So.2d 1348, 1354 (Miss.1989).
¶ 16. In addition, it must be "ascertain[ed] whether the evidence necessary to maintain the one [suit] would authorize a recovery in the other." McCorkle v. Loumiss Timber Co., 760 So.2d 845, 856(¶ 46) (Miss.Ct.App.2000), quoting Tobias v. Tobias, 225 Miss. 392, 398, 83 So.2d 638, 640 (1955).
¶ 17. It is not necessary to use "strict identity" when attempting to meet the third requirement of identity of the parties to the cause of action. Little, 704 So.2d at 1339. It is sufficient if the parties in the second suit were in "privity" with those in the initial action. Id.
Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.
Id. (quoting RESTATMENT OF JUDGMENTS § 83 cmt. (1942)). Vintage and Smith are in privity with one another. Viola deeded her ownership of the land to Henry and only reserved a life estate for herself and, through her suit, they are in privity. McCorkle, 760 So.2d at 855 (¶ 42). They are in the same chain of title to the land in question and thus all meet the identity of parties requirement.
¶ 18. The final requirement is the quality or character of the person for or against whom the suit is brought. Vintage Petroleum was named in both suits and Smith was in privity with Vintage Petroleum due to his contract with Vintage to perform workover services on the land in question. These parties are the same.
¶ 19. However, a recent decision by this Court, McCorkle v. Loumiss Timber Co., 760 So.2d 845 (Miss.Ct.App.2000), defined this component as meaning
that if someone is appearing in some limited or representative capacity in one case and personally in the other, that party's "quality or character" is not the same in the two actions. What a party did in litigation as the executor of an estate to which he has a fiduciary responsibility should not necessarily bind him as an individual defendant.
Id. at 856 (¶ 47).
¶ 20. In the McCorkle case, this Court defined the four requirements for res judicata at length. Id. The case consisted of two suits involving two sons and their option contract for land with their father who cut and sold timber from the land without consulting with the sons. The McCorkle brothers appealed the dismissal of their second suit against their father. This Court held that all four identities were met in their two cases. We held that the query in both cases regarding the contract between the parties was of the same subject matter, that the claim of conversion identical and the parties, McCorkle Sr., and his sons are the same in both suits. Furthermore, even though McCorkle Sr., alone, was the counter defendant in the first suit and in the second suit the lumber "companies with which he was in privity" were the defendants in the second suit, the character of the defendants is the same in both suits. Id. at 856 (¶ 47).
¶ 21. Henry appeared in federal court as executor of his mother's estate when he *690 made his motion to dismiss without prejudice. He only appeared because the defendants opposed the prior motion to dismiss without prejudice by Viola's guardian. The defendants "insisted" that her "heir-at-law" be substituted. When the defense then insisted that a dismissal without prejudice would be detrimental to their own cases, Henry moved to have Viola's case dismissed with prejudice. The court granted the motion.
¶ 22. Henry's case is analogous to McCorkle, even though the McCorkle brothers' appeal met the requirements of res judicata. In Henry's situation, it appears that the four identities may not have been met. The piece of contaminated property is the same and thus satisfies the subject matter requirement. Both suits claimed that the property had been contaminated by the same entities thus fulfilling the identity of the parties and cause of action requirements. However, Henry also had a personal injury claim against Vintage Petroleum and Smith. And, his interest in the property was different than his mother's. Viola's interest was a life estate with a limited recovery. Henry's interest was as fee owner upon her death. His only connection to Viola's suit was that he was the administrator of her estate.
¶ 23. As stated above, Henry's quality of character was different when he appeared in federal court requesting the dismissals. He was there as the representative of his mother's estate and not as a beneficiary. If a local banker had been in the same position as Henry as administrator of Viola's estate, there would be no question as to whose interests were being represented.
¶ 24. We reverse and remand.
¶ 25. THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, P.J., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. MCMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J.
McMILLIN, C.J., Dissenting:
¶ 26. I respectfully dissent. Viola Williams commenced her suit at a time when she was the fee owner of the real property allegedly contaminated by the acts of the defendants. Only after the litigation had begun did she convey a remainder interest in the property (retaining a life estate in herself) to Henry Lee Williams, the appellant in the action now before us. That act of conveyance did not deprive the court before which her suit was pending of jurisdiction of the claim for the entire injury to the property. Chancellor Griffith, in his treatise on chancery practice, described the common law doctrine of lis pendens in these terms:
The doctrine of lis pendens is that every person ... who acquires from a party to the litigation any interest in property real or personal during the pendency of a suit respecting a right, title or interest in such property takes subject to, and is conclusively bound by, the decree in such litigation....
V.A. GRIFFITH, MISSISSIPPI CHANCERY PRACTICE § 527, at 541(2d ed.1950).
¶ 27. Chancellor Griffith's explanation for the necessity of the doctrine has direct application to the case now before us. The rule "has its foundation in manifest necessity, for if, pending suit, any of the parties might by alienations avoid its results no suit could be brought to a successful or effective termination." Id. Though the discussion of this doctrine appears in a work related to practice in the chancery *691 courts, the doctrine is of common law origin that applies equally to suits affecting property in circuit or chancery courts. To permit such a conveyance to end litigation while still maintaining the viability of a cause of action in such a manner would, as Chancellor Griffith suggests, permit a plaintiff finding himself uneasy about the course of pending litigation to simply convey away his interest in the property to another who would be free to commence a similar actionperhaps in another court where the prospects of success might be viewed as more likely.
¶ 28. The Mississippi Supreme Court has said that the doctrine serves to implement the common law max of "pendente lite nihil innovetur," which means "pending the suit nothing should be changed." Jones v. Jones, 249 Miss. 322, 324, 161 So.2d 640, 643 (1964).
¶ 29. I would conclude that the dismissal of Viola Williams's suit with prejudice effectively ended any claim that Henry Lee Williams might assert by virtue of his being Viola Williams's successor in title when his title was derived during the pendency of Viola Williams's suit and with his apparent full knowledge of its existence. It should be kept in mind that the common law doctrine of lis pendens which I believe serves to bar Henry Lee Williams's separate claim has broader application than the statutorily-enacted lis pendens provisions found in the Mississippi Code. Chancellor Griffith, in speaking of the statute, noted that the statute "affects the common law rule only to the extent and within the exact area just stated, and as to all else the common law rule remains in full force." V.A. GRIFFITH, MISSISSIPPI CHANCERY PRACTICE § 529, at 543. Thus, even though this case was inappropriate for the filing of a statutory lis pendens notice, I would hold that the broader common law doctrine applies.
¶ 30. Henry Lee Williams also argues that he has raised a personal injury claim that could not possibly be barred, no matter the disposition of the property damage claim. However, a review of his complaint shows that his purported personal injuries consist solely of alleged emotional damage "resulting from [the defendants'] contamination of [his] real and personal properties." This claim is for consequential damages, dependent on the existence of a viable claim for the actual damages to the property itself. Since I would hold the principal claim to be barred, this derivative claim for emotional injury would, in my view, also be barred by the adverse outcome of the Viola Williams suit in federal district court.
SOUTHWICK, P.J., JOINS THIS SEPARATE WRITTEN OPINION.
NOTES
[1] Madison v. Vintage Petroleum, Inc., 87 F.3d 1311 (5th Cir.1996)(unpublished opinion).
[2] Referring to requirement no. 2, Rule 2 of the Mississippi Rules of Civil procedure provide that there shall be one form of action to be known as "civil action." Comments for Rule 2 state that, the purpose of rule 2 is to eliminate the term "cause of action" from the lexicon of Mississippi civil practice.