KING, C.J.,
for the Court.
¶ 1. Jody H. Deramus filed a complaint against J.L. Pierce and Mary Frances Pierce to cancel deed, remove cloud, and confirm title in the Chancery Court of Winston County. The Pierces filed a motion for summary judgment which was *1105 granted by the chancery court. On appeal, Deramus has raised the following issue:
Whether the chancery court erred in granting summary judgment in favor of the Pierces.
FACTS
¶ 2. At some point prior to 1988, Dera-mus and her late husband (Frank Dera-mus who died in June 1991) obtained a loan from Midland Savings and Loan (Midland) which was secured by a mortgage on their residential property described as:
Lot 9 and the East 2/3 of Lot 10, Wood-lawn Addition to the City of Louisville, Mississippi, according to the official plat on file in the Office of the Chancery Clerk of Winston County, Mississippi.
After merging with Midland, Unifirst Bank for Savings and Loan Association (Uni-first) held the Deramus’ mortgage. In 1988, Deramus failed to make payments on the loan.
¶ 3. About June 15, 1990, Unifirst was placed in receivership by the Federal Deposit Insurance Corporation (FDIC). Resolution Trust Corporation (RTC) was the receiver for Unifirst. The FDIC foreclosed on the property pursuant to a deed of trust executed on October 19, 1990.
¶ 4. On September 15, 1991, the FDIC held an auction to sell the property where the Pierces were the highest bidders. They offered $86,000 for the property.
¶ 5. On November 7, 1991 and December 4, 1991, Deramus, through her attorney, wrote the Pierces and indicated that their purchase of this property was a possible violation of the restrictive covenants.
¶ 6. Deramus states that there was an oral agreement with the FDIC, allowing her to redeem this property for $96,500. According to Deramus, in reliance upon this oral agreement, she drove to the FDIC office in Baton Rouge, Louisiana, where she tendered a check, dated November 27, 1991, for $96,500 to redeem the property. The FDIC refused to accept Deramus’ check for redemption of the property.
¶ 7. On December 20, 1991, the Pierces tendered the agreed sale price and closed on their purchase.
¶ 8. According to the Pierces, on December 17, 1992, Deramus filed a complaint in the United States District Court for the Northern District of Mississippi against the FDIC and the Pierces which (1) alleged breach of an oral agreement, (2) requested money damages, and (3) requested that the sale to the Pierces be set aside and the property be sold to her.
¶ 9. About September 7, 1993, the Pierces filed a motion for summary judgment in the district court. On July 26, 1994, the district court granted the summary judgment motion. The district court held that the Pierces were bona fide purchasers. The court also noted that pursuant to Mississippi Code Annotated Section 15-3-1 (1972) agreements to purchase land must be in writing.
¶ 10. On August 25, 1997, the FDIC asked the United States District Court for the Northern District of Mississippi to dismiss Deramus’ claims, because the failure to exhaust her administrative remedies precluded jurisdiction. On September 8, 1997, the district court granted the FDIC’s motion and dismissed Deramus’ claims without prejudice.
¶ 11. Deramus later filed a notice of appeal with the United States Court of Appeals for the Fifth Circuit. On April 12, 1999, the United States Court of Appeals for the Fifth' Circuit entered an opinion affirming the district court’s decision and stated that Deramus “failed to present any evidence that there was a genuine dispute *1106 as to any material fact or that the Pierces were not entitled to judgment as a matter of law.”
¶ 12. On December 14, 2001, Deramus filed a complaint against the Pierces to cancel deed, remove cloud, and confirm title in the Winston County Chancery Court.
¶ 13. On January 17, 2002, the Pierces filed their answer and defenses. On November 4, 2002, the Pierces filed a motion for summary judgment. On January 24, 2003, the chancery court granted the Pierces’ motion.
¶ 14. On February 17, 2003, Deramus filed a notice of appeal.
ISSUE AND ANALYSIS
¶ 15. Deramus contends that the chancellor erred in granting the Pierces’ summary judgment motion. This Court applies the following standard of review when determining whether the grant or denial of a motion for summary judgment was appropriate:
We review de novo the record on appeal from a grant of a motion for summary judgment. In Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983), we interpreted Rule 56 and the standards that the trial courts should use in considering a motion for summary judgment. We explained that the trial court must review carefully all of the eviden-tiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied. Gulf Guaranty Life Insurance Co. v. Duett, 671 So.2d 1305, 1307 (Miss.1996) (quoting Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995))[;] Delta Pride Catfish, Inc. v. Home Ins. Co., 697 So.2d 400, 402-3 (Miss.1997).
Madison v. DeSoto County, 822 So.2d 306(¶ 15) (Miss.Ct.App.2002).
¶ 16. Deramus claims that there are genuine issues of material fact in dispute between the parties. However, most of the issues raised by Deramus are matters which relate to her dealings with the FDIC and the RTC, dealings to which the Pierces were not a party.
¶ 17. As to the Pierces, Deramus raises a question as to whether or not the sale of this property to the Pierces violated restrictive covenants and zoning regulations. Deramus specifically argues that the issues which she broaches in this action have not been previously litigated and are therefore not res judicata. As to the only issue raised by Deramus concerning actions of the Pierces, that being the alleged violations of the restrictive covenants and zoning regulations, the United States District Court for the Northern District of Mississippi held that Deramus as a private individual was not authorized to pursue an action for violations of restrictive covenants and zoning regulations, “except where the use constitutes a nuisance per se or the individual has suffered or is threatened with special damage.” Robinson v. Indianola Mun. Separate School Dist., 467 So.2d 911, 918 (Miss.1985). The court held that Deramus failed to provide evidence relating to either exception. That ruling accurately reflects the law of this state. Clearly that issue has been litigated to conclusion in the federal court system and is now res judicata. Under the doctrine of res judicata, “[a] final judgment on the merits bars further claims by parties or their privies based on the same cause of action.” Williams v. *1107 Vintage Petroleum, Inc., 825 So.2d 685(¶ 10) (Miss.Ct.App.2002). “Four identities must be present for res judicata to apply: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person for or against whom the claim is made.” Id.
¶ 18. Under the first requirement, identity of the subject matter, Deramus’ prior lawsuit alleged a violation of protective covenants and ordinances by the Pierces and requested that the sale of the property be set aside and be sold to her.
¶ 19. The second requirement is “satisfied when there is commonality found among the ‘underlying facts and circumstances upon which the claim is asserted and relief sought.’ ” Williams, 825 So.2d 685 at (¶ 15). Additionally, it must be determined whether the “evidence necessary to maintain the one [suit] would authorize a recovery in the other.” Id. at (¶ 16). In this instance, the cause of action arises out of the same nucleus of facts and the requested relief is the same.
¶ 20. The third requirement is satisfied because the parties are the same.
¶ 21. The final requirement refers to the identity of the quality or character of a person for or against whom the claim is made. These too are the same with the exclusion of the FDIC.
¶ 22. Additionally, it must be noted that the district court found that the Pierces were bona fide purchasers. A bona fide purchaser is one who acts in good faith, pays the reasonable value of the subject property and takes it free and clear of any non-perfected claims. Board of Educ. of Lamar County v. Hudson, 585 So.2d 683, 687 (Miss.1991). Deramus has failed to identify any perfected claims, which should encumber the Pierces’ title to this property.
¶23. The chancery court found that Deramus’ claim was barred by the doctrine of res judicata and that summary judgment was appropriate. This Court affirms the decision of the chancery court.
¶ 24. THE JUDGMENT OF THE WINSTON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ. CONCUR. BARNES AND ISHEE, JJ., NOT PARTICIPATING.