949 So.2d 754 (2006)
DAVIS ISLAND LAND CO., LLC, Appellant
v.
VICKSBURG WARREN SCHOOL DISTRICT and the State of Mississippi, Appellees.
No. 2005-CA-00044-COA.
Court of Appeals of Mississippi.
March 21, 2006.
Rehearing Denied July 25, 2006.
*755 Kenneth B. Rector, Vicksburg, attorney for appellant.
Nancy Morse Parkes, M. James Chaney, Vicksburg, attorneys for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. On June 3, 2004, Davis Island Land Co. (Davis) filed a complaint in Warren County Chancery Court to confirm and quiet title to 95.75 acres of land located on Davis Island west of Vicksburg, Mississippi. Davis was seeking to prevent the Vicksburg Warren School District (School District) from marking, cutting or selling timber on the disputed property. The School District filed a motion to dismiss which was granted on December 10, 2004. Aggrieved by the ruling of the chancery court, Davis appeals raising the following issue:
I. WHETHER OR NOT THE CHANCELLOR ERRED IN DETERMINING THAT THE CLAIM OF DAVIS ISLAND FOR CONFIRMATION OF TITLE TO REAL ESTATE WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
¶ 2. Finding no error, we affirm the ruling of the chancery court.

*756 FACTS
¶ 3. This is a dispute over approximately 95.75 acres of land located on Davis Island, just west of Vicksburg, Mississippi. Davis purchased approximately 5,200 acres on the island in 1971, and also acquired the balance of a ninety-nine year lease of section sixteen school trust lands which expired in 1987. In anticipation of the leaseexpiration, the School District contacted Davis regarding its desire to locate the boundaries of section 16. The leased 16th section had been retained by the same owner of the 26th section for over seventy years, and the boundary line had become indistinct.
¶ 4. Davis and the School District agreed to share the expense of having the property surveyed by E.C. Burkhardt so that the boundary line between the property that was owned in fee simple and the property that was leased could be determined. In 1834 there was a government survey of the lands in question. In 1848 there was a government resurvey of the lands in question. The Burkhardt survey, which was allegedly prepared in reliance on the 1848 government resurvey, was completed in 1988 and both parties were furnished copies. Davis complained about the accuracy of the Burkhardt survey and claims that approximately ninety-five undetermined acres of said property is really in section 26 rather than section 16.
¶ 5. Despite disputing the results of the Burkhardt survey, in June 1990, 1995, and 2000, Davis executed five-year hunting and fishing leases with the School District for all of section 16, located in Warren County, Mississippi, containing 417.4 acres as shown by the survey of Burkhardt. Davis states that it executed these leases under duress because it felt it had no alternative. Davis owns all the land surrounding section 16, and stated that it could not afford all the problems that would arise from someone else leasing this section.
¶ 6. In 1996 and 2000, the School District advertised for bids to cut lumber from section 16. A contract was finalized between the School District and Anderson-Tully Veneers on October 16, 2000. On December 11, 2000, Davis filed a complaint in the United States District Court for the Southern District of Mississippi in which it sought declaratory judgment from the court establishing the boundaries of the subject land. This complaint was subsequently amended on April 10, 2001. Both Davis and the School District claimed ownership of the land.
¶ 7. On or about January 14, 2003, the U.S. District Court for the Southern District of Mississippi found that Davis's suit for declaratory judgment was time-barred by the applicable Mississippi statute of limitations (Mississippi Code Annotated § 15-1-7) and dismissed the case with prejudice. As to the counterclaims brought by the School District, the district court dismissed these as state actions without prejudice. On October 14, 2003, the decision was affirmed by the United States Court of Appeals for the Fifth Circuit. On June 3, 2004, Davis filed a "Complaint to Confirm and Quiet Title" in the Chancery Court of Warren County seeking to prevent the School District from marking, cutting or selling timber on the disputed property. The School District subsequently filed a motion to dismiss or, in the alternative, for summary judgment. On December 10, 2004, this case was dismissed due to res judicata.
I. WHETHER OR NOT THE CHANCELLOR ERRED IN DETERMINING THAT THE CLAIM OF DAVIS ISLAND FOR CONFIRMATION OF TITLE TO REAL ESTATE WAS BARRED BY THE DOCTRINE OF RES JUDICATA.
¶ 8. Davis claims that the chancellor did not determine whether or not any issue or *757 claim in the state court action had been adjudicated in the federal case. Davis goes on to argue that the chancellor relied upon the "four identities" of res judicata in error, when she should have ruled that the issue before the state court was not litigated in the federal case. The School District asserts that Davis is asking the state court to do the same thing it asked the federal court to do, which is determine ownership.
¶ 9. This Court decides whether or not summary judgment is appropriate by reviewing the issue de novo. Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss. 1993). When there is no genuine issue of material fact then summary judgment is appropriate. Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss.1983). Once the party moving for summary judgment has shown the absence of material fact, the burden falls on the non-moving party to produce specific facts showing that there is a genuine issue of material fact. Fruchter v. Lynch Oil Co., 522 So.2d 195, 199 (Miss. 1988).
¶ 10. Davis filed suit in U.S. District Court pleading both a Fifth Amendment and Fourteenth Amendment violation. Davis also requested the court to find the 1848 survey void and to appoint a special master to re-establish boundary lines. The district court relied upon Mississippi Code Annotated § 15-1-7, in determining that the ten year statute of limitations had run; therefore, Davis was barred from bringing this action. Davis filed this complaint in state court asking the court to confirm the title in accordance with the 1834 survey. Even though the wording is different between the federal complaint and the state complaint, Davis is asking for the same relief.
¶ 11. The following four identities must be present for res judicata to apply: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person for or against whom the claim is made. Pro-Choice Mississippi v. Fordice, 716 So.2d 645, 665(¶ 69) (Miss.1998). A party will be barred from relitigating issues or those which should have been litigated when these four elements are met. Dunaway v. W.H. Hopper and Associates Inc., 422 So.2d 749, 751 (Miss.1982).
¶ 12. This case deals with the same subject matter, the ownership of approximately 95.75 acres of land located on Davis Island, just west of Vicksburg, Mississippi.
¶ 13. The second requirement, identity of the cause of action, is met when commonality is found in the underlying facts and circumstances for which the claim is asserted and relief is sought. Riley v. Moreland, 537 So.2d 1348, 1354 (Miss.1989). The usual test to determine whether or not the two causes of action are the same is whether or not the same evidence is necessary. McCorkle v. Loumiss Timber Co., 760 So.2d 845, 856(¶ 46) (Miss. Ct.App.2000). The cause of action in both cases is to confirm and quiet title and to determine which survey should be relied upon, the 1834 or the 1848. In order to determine this, the same evidence would be needed in the state action as was needed in the federal action.
¶ 14. The identities of the parties must be at least in privity with one another. Williams v. Vintage Petroleum, Inc., 825 So.2d 685, 689(¶ 17) (Miss.Ct.App. 2002). It is not necessary to use strict identity. Little v. V. & G. Welding Supply, Inc., 704 So.2d 1336, 1339(¶ 15) (Miss. 1997). "Privity" is a broad concept which is recognized and requires us to look at the surrounding circumstances in order to determine whether a claim preclusion is justified. Id. In both the federal case and the *758 state case, Davis and the School District are the parties; therefore, the third identity requirement is met
¶ 15. The last identity is the quality or character of the person for or against whom the suit is brought. If someone appears in some limited or representative capacity in one case and personally in another, then the parties quality or character of the two actions is different. McCorkle, 760 So.2d at 856 (¶ 47). In the present case, both Davis Island and the School District are in the same capacity as the parties in both the federal action and the state action.
¶ 16. Therefore, since the four identities are met, we find that the chancellor was proper in granting the School District's motion to dismiss based upon res judicata.
¶ 17. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.