MYERS, P.J.,
for the Court.
¶ 1. The Estate of Markin A. Bell (Estate) appeals the Hinds County Circuit Court’s grant of summary judgment in favor of Michael E. Dixon d/b/a Central Energy Services (Dixon). The circuit court entered an order of dismissal with prejudice based upon doctrine of res judi-cata, finding that the Estate’s complaint was brought upon the same facts and was based on the same damages of an earlier suit brought against Dixon by the wrongful death beneficiaries. The Estate argues that dismissal of the case was improper because the first case brought against Dixon was dismissed without a decision on the merits. Finding that the circuit court did not err in dismissing the Estate’s complaint based upon the principles of res judicata, we affirm.
UNDERLYING FACTS AND PROCEDURAL HISTORY
¶ 2. On July 18, 2003, an automobile accident between Markin A. Bell (Bell) and Michael E. Dixon claimed the life of Bell. On August 30, 2004, Jeana Bell (Jeana) filed a lawsuit, individually and on behalf of the wrongful death beneficiaries of Bell, related to the accident. This 2004 suit was eventually dismissed by the circuit court with prejudice due to failure to comply with the court’s orders regarding discovery. The circuit court subsequently denied Jeana’s motion to reconsider, and no appeal was ever filed in that cause. On July 17, 2006, another suit was filed against Dixon. This 2006 suit was brought by Jeana as the administratrix of the Estate and is almost virtually identical to the 2004 suit. Both suits were brought based upon the same accident between Bell and Dixon and sought the same damages from Dixon. Upon Dixon’s motion, summary judgment was granted dismissing the latter suit based upon the principles of res judicata. Aggrieved, Jeana, as administra-trix of the Estate, appeals, seeking a determination of whether the Estate’s claims are barred by the doctrine of res judicata.
STANDARD OF REVIEW
¶ 3. The well-settled standard of review for summary judgment is de novo. Quinn v. Estate of Jones, 818 So.2d 1148, 1150(¶ 9) (Miss.2002).
DISCUSSION
¶ 4. The doctrine of res judicata, or claim preclusion, will operate to bar a subsequent attempt to litigate a claim already decided. Harrison v. Chandler-Sampson Ins., Inc., 891 So.2d 224, 232(¶ 22) (Miss.2005). A proper application of the doctrine of res judicata necessarily involves a finding of four identities: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or *968 character of a person against whom the claim is made.” Id. at 232(¶ 24). “If all four identities are present, then the parties are precluded from re-litigating any previously decided issues in a subsequent lawsuit.” Pro-Choice Miss. v. Fordice, 716 So.2d 645, 665(¶ 70) (Miss.1998).

(1) Identity of Subject Matter

¶ 5. This case deals with the same subject matter, an automobile accident that occurred on July 18, 2003, between Bell and Dixon. Thus, this element of res judicata is met.
(¾) Identity of the Cause of Action
¶ 6. The second requirement, identity'of the cause of action, is met when commonality is found in the underlying facts and circumstances for which the claim is asserted and relief is sought. Riley v. Moreland, 537 So.2d 1348, 1354 (Miss.1989). The cause of action in both cases is a claim for the wrongful death of Bell. The claim centers upon the same set of facts and the same allegations of liability thus meeting the test for identity of the cause of action. We find sufficient identity in both the causes of action to invoke the doctrine of res judicata. See id.

(S) Identity of the Parties

¶ 7. The identities of the parties must be at least in privity with one another. Williams v. Vintage Petroleum, Inc., 825 So.2d 685, 689(¶ 17) (Miss.Ct.App. 2002). It is not necessary to use strict identity. Little v. V & G Welding Supply, 704 So.2d 1336, 1339(1115) (Miss.1997). “Privity is a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.” Williams, 825 So.2d at 689(¶ 17) (quoting Little, 704 So.2d at 1339(¶ 15)). “Privity” is a broad concept that requires us to look at the surrounding circumstances in order to determine whether a claim preclusion is justified. Id. In both the first case and the second case, Jeana is a party. The only difference is that the initial suit was brought on behalf of Jeana, individually and on behalf of the wrongful death beneficiaries, while the second cause was filed by Jeana as administratrix of the Estate. Therefore, the third identity requirement is met.

(U) Identity of the Quality or Character of a Person Against Whom the Claim Is Made

¶ 8. The last identity for determination is the identity of the quality or character of the person against whom the suit is brought. Where someone is sued in a limited or representative capacity in one cause and then personally in another, the party’s “quality or character” is not the same in both actions. McCorkle v. Loumiss Timber Co., 760 So.2d 845, 856(¶ 47) (Miss.Ct.App.2000). However, this is not the case before us. Dixon and his company, Central Energy Services, were named as defendants in both the first and second suit. Accordingly, we find that the identity or the character of the defendants is the same in both suits. See id.
CONCLUSION
¶ 9. Therefore, since the four identities are met, we find that the circuit court was proper in granting Dixon’s motion for summary judgment and dismissing the second complaint based upon res judicata.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY GRANTING SUMMARY JUDGMENT AND DISMISSING THE SECOND COMPLAINT WITH PREJUDICE IS *969 AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.